HERRICK *vs.* GROW and BROWN.

A *bond* by an *administrator* to convey real estate of his intestate in contemplation of a sale under a *surrogate's order* is void.

DEMURRER to declaration. The plaintiff declared on an agreement under seal, entered into between him and the defendants, wherein they are described as the *administrators* of the estate of J. Grow, deceased, and whereby they bound themselves to execute to the plaintiff a proper conveyance of a certain piece of land owned by their intestate, *as soon as they could obtain a sale of the same under an order of the surrogate.* The plaintiff, on his part, engaged to pay the defendant $555, by instalments at specified times, and to give certain securities for the same; for the faithful performance of which covenants the parties bound themselves each to the other in the sum of $100, fixing that amount as liquidated damages. The plaintiff averred that before the commencement of the suit, to wit, on, &c. the defendants *did obtain a sale* of the premises under an order of the surrogate of the county of Jefferson, but that they had neglected and refused to execute the conveyance. On his part he averred readiness and willingless to perform the agreement, and a tender of the securities, &c. The defendants demurred.

*J. T. B. Van Vechten,* for defendants, cited 3 *Cowen,* 299; 17 *Johns. R.* 301.

*S. Stevens,* for the plaintiff, cited 5 *East,* 550; 4 *Maule & Sel.* 69; *Hob.* 14; 11 *Co.* 27 b; 5 *Taunton,* 727.

*By the Court,* SAVAGE, Ch. J. I cannot distinguish this case from that of *The Overseers of Bridgewater* v. *The Overseers of Brookfield,* 3 *Cowen,* 299, where it was held, that until there is a deficiency of personal property to pay the debts of the intestate, the administrators have no control over the lands of the intestate; and that until the authority is given to them to sell, any contract which they may make in relation

to such sale is utterly void, and incapable of being enforced either at law or in equity ; and it was also there held that it would be against the policy of the law to permit the authority conferred by the surrogate to be influenced or controlled by any previous contract.

By the statute, administrators must sell at auction, and they can sell in no other manner ; the highest bidder must have the property, and to him the administrators must convey. Suppose a bidder at the auction were to offer $600 for this property which the administrators have agreed to sell for $555, they must forfeit and pay $100 out of their own pockets according to this contract. They have every inducement therefore to discourage bidding, whereas their duty requires them to sell at the highest price. Such a contract is highly improper, and a violation of the duty of the administrators. It is of course contrary to the policy of the statute and void.

In the cases referred to by the plaintiff, the bond contained two parts, one of which was legal and the other illegal ; and therefore that which was good was preserved and enforced. Not so here. The money to be paid here is on failure to do an act which is illegal and reprehensible.

The defendants are entitled to judgment.