No. 24.—GEORGE W. LOGAN, plaintiff in error, *vs.* AARON S. GIGLEY, defendant in error.

[1.] A *bond* by an *administrator*, to convey real estate of his intestate, in contemplation of a sale under the *Ordinary's* order, is void, and is incapable of being enforced, either at Law or in Equity, as contrary to the policy of the Statute authorizing administrators to sell the real estate of their intestate.

Covenant on bond for titles to land, in Bibb Superior Court. Tried before Judge STARK, January Term, 1850.

George G. Myers, as principal, and George M. Logan, as security, on the third day of January, 1848, executed to Aaron S. Gigley their bond, in the penalty of eight hundred and fifty dollars, conditioned to be void, when the said Myers, as administrator of the estate of Charles T. England, deceased, should make or cause to be made, as such administrator, good and sufficient warrantee titles to lot No. 6, in square 36, according to the plan of the city of Macon, in the County of Bibb, unto the said Gigley, his heirs and assigns, as soon as the same could be done according to law.

Upon this bond, the defendant in error, Aaron S. Gigley, brought his action in Bibb Superior Court against George M. Logan and George G. Myers.

On the trial the plaintiff proved, by Col. Robert V. Hardeman, that he, as the agent of the plaintiff, a short time before the commencement of the suit, demanded from Logan titles to said property, in conformity to the terms of the bond. Logan refused to make titles, and said that Myers was gone to some of the northern States, and resided out of Georgia.

Counsel for defendant then moved the Court for a non-suit, upon the following grounds:

Because Myers, the principal in the bond, and a joint and several undertaker with Logan, had not been served, but was shown to be beyond the jurisdiction of the Court.

Because the testimony showed, that the undertaking in the

bond was illegal and void, and that the obligors and obligee were cognizant of it, and all *participes criminis*, in this, that it was an obligation on the part of Myers, as administrator of Charles T. England, to sell the real estate of deceased, contrary to the Statutes regulating the sale of intestate's real estate.

Because, to sell real estate of intestate by an administrator, privately, and without an order of the Court of Ordinary, as regulated by Statute, is an illegal and void contract, and no action can arise in favor of an obligee in a bond, which shows, on its face, that it was given to enforce and carry out such a sale.

Because it is contrary to the policy of the law to allow a recovery on bonds of this kind, because it enables the administrator and purchaser to perpetrate a fraud on the estates of intestate, and the policy of the law requires that the whole undertaking, bond and all, should be declared null and void.

Because the contract, as shown from the evidence, is null and void.

The Court overruled the motion for a non-suit, and counsel for defendant excepted.

POWERS and WHITTLE for plaintiff in error.

HARDEMAN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We fully subscribe to the doctrine, as ruled by the Supreme Court of New York, in *The Overseers of Bridgewater vs. The Overseers of Brookfield,* (3 *Cow.* 299,) and in *Herreck vs. Grow & Brown,* (5 *Wend.* 579,) namely : that a *bond by an administrator*, to convey real estate of his intestate, in contemplation of a sale under the *Ordinary's order*, is utterly void and incapable of being enforced, either at Law or in Equity, and that it is against the policy of the law to permit the authority, conferred by the *Ordinary*, to be influenced or controlled by any previous contract.

In the latter case, it was well remarked by Ch. J. *Savage*, that

by Statute, administrators must sell at auction, and they can sell in no other manner. The highest bidder must have the property, and to him the administrators must convey. If the bidder at public auction, therefore, offer more than the administrators have agreed to sell for, they must forfeit and pay the difference out of their own pockets, according to their contract. They have every inducement, therefore, to discourage bidding, whereas, their duty requires them to sell at the highest price. Such a contract, consequently, is highly improper, and a violation of the duty of the trustee.

But, *non constat*, that Myers' and Logan's bond was given to Aaron S. Gigley, to sell and convey the real estate of Charles T. England, deceased, the intestate of Myers. It does not so purport on the face of it. It is an obligation of Myers, as administrator of England, to make, or cause to be made, good and sufficient warrantee titles to lot No. 6, in square 36, according to the plan of the city of Macon, as soon as the same could be done according to law. Still, I repeat, this lot is not alleged, in the bond, to be the property of England's estate. It may not be so, and, in that event, the bond would be a mere *personal* undertaking on the part of Myers, and the addition of *administrator* to his name, be considered mere surplusage.

There being no other evidence then before the Court, but the instrument itself, and the testimony of Col. Hardeman, demanding titles, instead of moving for a non-suit, the defendant's counsel should have gone on to the Jury, and supported his plea by evidence, and then asked the instructions of the Court to the Jury, that the bond was contrary to the policy of the law, and consequently void. Upon the *plea*, the case is with the defendant in the Court below—upon the *proof*, with the plaintiff.

The judgment must, therefore, be affirmed.