Bond and Patillo vs. Watson.

No. 25.—EPPY W. BOND, and JAMES PATILLO, plaintiffs in error, *vs.* JACOB WATSON, defendant in error.

[1.] The law requires the utmost fidelity in an administrator. He cannot sell lands privately as his own, and perfect that title by selling it as administrator of his intestate, the land belonging to his intestate's estate. Such sale may be set aside at the instance of any of the *cestui que trusts.*

[2.] If he make an agent, and that agent become the purchaser of the land for himself or another, the sale may be set aside.

[3.] A Court of law has no jurisdiction to set aside and order to be cancelled a deed improperly obtained; and when that is necessary to the attainment of justice, the party has no adequate remedy in a Court of law.

[4.] Injunction will be retained unless the answer of defendant swear off the Equity.

In Equity, in Baker Superior Court. Motion to dissolve injunction, decided by Judge ALLEN, at chambers, April 1857.

The bill alleges that complainant, Jacob Watson, is in possession of lot of land No. 143, in the 9th district of originally Early, now Baker county, which he purchased from one Leonard S. Acre, and that Eppy W. Bond and James Patillo, the defendants, have brought ejectment against him for said lot of land, which is now pending in Baker Superior Court.

That Patillo seeking to get possession of said land and evict complainant therefrom, bought the same from Eppy W. Bond, and in order to perfect title, Bond applied for and obtained letters of administration on the estate of Elizabeth Bond, who died testate about the year 1824, and whose estate has long since been settled; that letters of administration were granted by the Ordinary of Elbert county, although said Elizabeth at the time of her death, resided in the county of Franklin, and the Court of Ordinary of Elbert county, had no jurisdiction. That after said letters were issued to Eppy W. Bond, he had said land sold, and Patillo, under

their agreement, became the purchaser at a price greatly below its real value, and titles were made to him by said Bond as administrator.

The bill further alleges that in order to protect himself, complainant has purchased the interest of three of the heirs of Elizabeth Bond, in said land, but the legal title of Elizabeth Bond having vested in the purchaser from her administrator, he is unable to defend himself at law against the action of ejectment. That said administration was taken out and said sale made, not to benefit the heirs at law, but solely to carry out the fraudulent purposes of Bond and Patillo to evict complainant from the land, and to benefit themselves.

The bill prays for an injunction of the action at law, until there can be a hearing of the case in Equity, &c.

The Chancellor granted the injunction.

The defendants put in their separate answers, and deny all fraud or fraudulent purposes or combination. But allege that the lot of land in question was drawn by Elizabeth Bond, of the county of Elbert, who gave it to her son Nathan Bond, and for this reason said lot was not mentioned or disposed of in her will. That Gaines Thompson, one of her executors, well knowing that said land had been thus given, executed a deed for the same to Eppy W. Bond, the son of said Nathan, dated the 15th June, 1848. That Eppy W. conveyed the same to Patillo by deed, dated 3d December, 1850; but having doubts as to the legal validity of said conveyances, letters of administration were taken out by said Eppy W. on the estate of Elizabeth Bond, and the land sold at public sale, fairly, to the highest bidder, and Patillo became the purchaser.

Upon the filing of their answers, defendants moved, at chambers, to dissolve the injunction, on the grounds, that there was no Equity in the bill, and that if any, it was fully sworn off by the answers.

The Chancellor refused to dissolve the injunction, and defendants by their counsel excepted.

Lyon & Clarke, for plaintiffs in error.

Warren & Warren, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

The case presented in the record is a motion to dissolve the injunction granted by the Chancellor in this cause, on two grounds, to-wit:

1st. Because there is no Equity in the bill.

2d. Because all the Equity in said bill has been sworn off by the answers. This is the transcript of the record. The bill of exceptions, as certified to by the presiding Judge in the Court below, states it to be a motion to dissolve the injunction on the coming in of the answers. No ground is set · forth in the bill of exceptions on which the motion was made. The presumption would be, that it was made on the ground alone, that the answers denied the Equity charged in the bill. The errors assigned go beyond the grounds presented, either in the transcript of the record, or the bill of exceptions, and complain that the Court erred in refusing the motion, on three distinct grounds: Because,

1st. There was no Equity in the bill.

2d. The complainants had a complete remedy at common law.

3d. The respondents' answers swear off all the Equity in complainant's bill.

We will allow the plaintiff in error the full benefit of his exceptions, and as fully as if we considered them authorized by his motion to dissolve the injunction.

[1.] In determining the questions here presented, I shall refer to such parts of the bill and answers only, as are necessary to an understanding of the judgment of this Court. The first

exception must depend upon the bill alone, without reference to what appears in the answers. If there be any Equity in the bill, the first ground of error assigned must be overruled. The record shows that the plaintiff in error purchased the land of Eppy W. Bond and brought ejectment against complainant's tenant. Eppy W. Bond administered on the estate of Elizabeth Bond, the drawer of the land, and joined in the action of ejectment to recover the land, not for the purpose of making distribution amongst the heirs at law of his intestate, but for the purpose of perfecting the title he had already made to James Patillo. Subsequently, and after ejectment brought, he obtained an order from the Court of ordinary of Elbert County to sell the land; the land was sold and purchased by Henry Morgan, who was agent of both Bond, the administrator and vendor, and James Patillo, the purchaser; specie was demanded at said sale, no previous notice having been given, that it would be required, and, in consequence, it sold at a reduced price. The complainant further alleges that he has purchased the interest in said land of three of the heirs at law of Elizabeth Bond, that the land is worth three or four times more than it sold for, but that the administrator intends to settle with him as standing in the stead of these distributees at the price at which it was sold. The law requires the utmost fidelity of persons holding the fiduciary character that Eppy W. Bond does, as set forth in this record. He can make no profit from his trust, he cannot become a purchaser at his own sale and retain the advantage of his purchase except at the will of his *cestui que trust.* He can make no private sale and thus evade the rule which forbids him the right to purchase at his own sale. Such a sale may be set aside at the option of any of the *cestui que trusts,* who have not, by *laches* or otherwise, acquiesed in it.

[2.] Again, if he make an agent to sell, and that agent become the purchaser for himself or another, that sale may be repudiated by the parties in interest. The demand of specie at an administrator's sale—although a constitutional right, to

be sustained under proper circumstances, and when notice is given beforehand—when it is done, and without prior notice, a thing so unusual—is a proper circumstance to be considered, with others which assail the *bona fides* of the transaction· We think there is Equity in this bill which calls for the answers of the defendants.

As to the point that the complainant has an adequate remedy at law, we might remark, that it is a matter of doubt, whether its discussion should be allowed on a motion to dissolve an injunction, when the bill had not been demurred to on that ground. But regarding it now, in the same manner that we should have considered a demurrer to the bill for the same cause, we must look to the case as presented in the bill, without reference to the action of ejectment enjoined.

[3.] Has the complainant, then, an adequate common law remedy according to that case? The administrator sold the land as his own and conveyed title. He subsequently administered and as administrator has again sold the land for a grossly inadequate price, and that sale was made, not to carry out his trust for the benefit of the next of kin of his intestate, but for the purpose of perfecting a title made by himself, he having set up a claim adverse to that of the heirs at law of his intestate, and it is alleged that he intends to settle with the heirs at the low and inadequate price at which it was sold. The purchaser of the land from Bond as his, Bond's, own property, became the purchaser at his sale as administrator, under the circumstances already stated. If the allegations of this bill be true, a Court of law can afford no adequate remedy to the complainant, who has a right to have the sale complained of rescinded, and to have the land resold under circumstances that will open the sale to a fair and equal competition, provided his allegations be supported by his proofs.

[4.] The answers do not deny the Equity charged in the bill. The administrator, in whose name the sale of the land was made, knows nothing about the sale. He was informed

that the sale could be effected without his presence, and he was not present. He gives the name of no agent who represented him.

James Patillo, the other defendant and purchaser of the land, answers, that he was not present at the sale, but that Henry Morgan bid off the land for him. But this defendant discloses a fact which fixes a stronger suspicion upon the fairness of the sale than the charges in the bill. He answers that as he was not present at the sale of the land, he does not know that specie was demanded in payment for the land, but supposes it was. He says that he knows nothing of Bond, the administrator, having given instructions to demand specie, and he does not believe he ever did. No one except the administrator had a right to demand specie. If any one else gave the notice, without his authority, it must have been done from some other motive than a desire to promote the interest of the heirs at law, of the intestate. One of the defendants answers, that he is informed and believes that the said lot of land brought its full value, perhaps more. The other answers, that he is "*advised*" and believes that the land brought its full value at the time of the sale; neither of them speaks from his knowledge. Without considering further, we are of opinion that the answers are not sufficient to displace the complainant's Equity.

We will remark, however, that while we decide that there is Equity in the complainant's bill, that he has not an adequate common law remedy, and that the answers of defendants do not swear off the Equity of the bill, we, by no means, decide that the complainant is entitled to a perpetual injunction of defendant's action of ejectment, the only relief for which complainant prays. It is true that he may be entitled to that, if the Court and jury should decree, what it is competent for them to decree, that the administrator's sale already made, be set aside, and the deed made in pursuance thereof, be delivered up to be cancelled, and that the land be re-sold by said administrator, after due and legal

advertisement, and that the complainant deliver possession thereof to the purchaser at said sale, and account to the said administrator for the rents, issues and profits, to be ascertained by the jury in their final decree, provided the proofs submitted to them, authorize such a decree. The case made by the bill and answers calls for a full examination into these things.

Judgment affirmed.