Tiller *vs.* Spradley, agent.

MASON TILLER, plaintiff in error, *vs.* D. SPRADLEY, agent, etc., defendant in error.

When two notes were given to the plaintiff, for cotton seed, for Green J. Jordan's plantation, and signed, "J. Spradley, Agent for Green J. Jordan:" *Held*, that this was a contract of Jordan, the principal, and not the contract of Spradley, the agent; the more especially, as the evidence in the record discloses the fact, that the agency was made known to the payee of the notes at the time they were given, and that the cotton seed was purchased for Jordan, and not for Spradley, the agent. The suit should have been brought against Jordan, and not Spradley, the agent; and the fact that Jordan filed a plea in the case, as a defendant, alleging that the cotton seed were worthless, did not necessarily make him a party to the original suit against Spradley; and there was no error in the Court below in refusing the order to make him a party, inasmuch, as Jordan was not named as a defendant in the original suit, and not being named as a defendant in the original suit, the filing of his plea did not make him a defendant, when no process was prayed against him as such. The verdict in favor of the defendant, Spradley, was right, under the law and the facts of the case; and there was no error in the Court below in refusing the motion for a new trial.

Promissory Notes. Motion for new trial. Decided by Judge James M. CLARK. Lee Superior Court. March Term, 1869.

This was a statutory action on two notes, as follows:

" $225 .00.  One day after date, I promise to pay Mason Tiller, or bearer, Two hundred and Twenty-five dollars, for cotton seed for Green J. Jordan's plantation.                    D. SPRADLEY, Agent
"STARKEVILLE, 17th April, 1866.              for Green J. Jordan."

" $60 00.                               STARKEVILLE, July 31st, 1866.
" One day after date, I promise to pay Mason Tiller, or bearer, the sum of Sixty dollars for 80 bushels cotton seed, with interest from 20th April last.           " D. SPRADLEY, Agent for Green J. Jordan."

The suit was by Tiller against "D. Spradley, agent for Green J. Jordan;" process issued in the same way; and the sheriff returned that he had served defendants. On the 11th of February, 1869, Green J. Jordan filed pleas of the general issue, and that the notes were given for cotton seed which were worthless. In the plea, he is called "the prin-

cipal defendant." On the 27th of February, 1869, Spradley filed his pleas of general issue, that there was a failure of consideration, because the cotton seed were worthless, and that the notes were given only to bind Jordan, and did not bind himself. In the plaintiff's declaration, process is prayed for against Spradley alone, and he was the party served. Jordan had not been served. When the cause was called for trial, and after Jordan's plea was filed, Tiller's attorney moved to have Jordan made a party defendant in said cause. The Court overruled the motion.

The parties went to trial. The defendant read in evidence the notes, and closed. The defendant's attorney introduced Spradley, who testified that the notes were given by him for cotton seed, to be planted on Jordan's plantation; that he told Tiller that he wished them for that purpose, but did not tell him that Jordan would pay for them, though he did not suppose Tiller would have credited him, Spradley, therefor. As to the quality of the seed, he testified that the seed did not come up well, and stated the quantity per acre used, and the manner of using them, to show that the seed were bad. He said he ploughed up part of the seed, and after that gave the notes to avoid a law-suit.

Other witnesses testified, that Tiller had told them, that he had sold cotton seed, that season, to Jordan, and that they bought cotton seed from Tiller, that season, and they were not good.

The plaintiff, in rebuttal, showed by a witness, that the seed bought by him from Tiller, that season, were good; and examined two witnesses, who testified that the quantity per acre used by Spradley, in the manner in which he used them, would would not make a good stand.

Plaintiff's attorney objected to so much of Spradley's testimony as went to show that Jordan was the proper party to said notes, and that Spradley was not, upon the ground that it varied the written contract.

The Court overruled the motion.

The jury returned the following verdict: "We, the jury, find no liability resting on the defendant."

Tiller *vs.* Spradley, agent.

A new trial was moved for, upon the grounds, that the Court erred in refusing to make Jordan a party defendant— in allowing that portion of Spradley's evidence which was objected to—and, because the verdict was contrary to law and the evidence. The new trial was refused, and this is brought up for review on each of said points.

C. B. WOOTTEN, W. A. HAWKINS, and D. A. VASON, for plaintiff in error.

GEORGE KIMBROUGH and F. A. WEST (by G. J. Wright), for defendant, cited on the 1st point, Irwin's Code, secs. 3256, 3430, 3435; on the 2nd, sec. 2169; and on the 3rd, secs. 2169, 2185.

WARNER, J.

This was an action brought upon two promissory notes, given for cotton seed. The notes were signed, " D. Spradley, Agent for Green J. Jordan." The plaintiff's declaration prayed for process to issue against Spradley alone, and he was, in fact, the party sued, and served with process. The plaintiff was told, at the time the cotton seed were purchased of him, by Spradley, that he wanted them for Jordan's plantation; and did not suppose that Tiller, the plaintiff would have credited him therefor. There can be no doubt, we think, from the evidence in this record, that the cotton seed were purchased of Tiller, the plaintiff, by Spradley, as the agent of Jordan, and for Jordan, and that the plaintiff so understood it, at the time the contract was made. The notes are signed by Spradley as the agent of Jordan, and the seed were purchased for the benefit of Jordan, to be planted on his plantation. The notes sued on, were the contracts of Jordan, and not the contracts of Spradley, his agent; and Jordan was the party who should. have been sued on them, and not Spradley, the agent, who disclosed the name of his principal at the time the contract was made. Chancellor Kent states the true rule on this subject when he says, " It is a general rule—standing on strong

foundations, and pervading every system of jurisprudence—that where an agent is duly constituted, and *names* his principal, and contracts in *his name*, the principal is responsible, and not the agent:" 2nd Kent's Com., 630; Revised Code, sections 2169, 2185. The jury found in accordance with the law and the facts in this case, when they said by their verdict, "We, the jury, find no liability resting on the defendant."

The fact, that Jordan filed a plea in the case, alleging that the cotton seed were worthless, and calling himself therein, principal defendant, did not make him a party to the suit. There was no process prayed against him as a party defendant, and no effort ever made on the part of the plaintiff to make him a party defendant. The action was brought against Spradley alone, and process prayed against him alone, as the defendant in the action. If process had been prayed against Jordan, as a party defendant in the action, and there had been any defect in the process, or as to the time or manner of service, or want of jurisdiction as to him, then it would have been his privilege to have waived any of those defects, so far as he was personally concerned, by coming in and filing his plea to the action; but the difficulty here is, that there was no attempt whatever on the part of the plaintiff to make him a party defendant to the original suit; and the 3430th section of the Code declares, that "No amendment, adding a new and distinct cause of action, or *new* and *distinct parties*, shall be allowed, unless expressly provided for by law." In our judgment, there was no error, in refusing the motion to make him a party defendant, by the Court below. The verdict of the jury, in favor of the defendant, Spradley, was right under the law and facts of the case; and there was no error in the Court below, in refusing the motion for a new trial.

Let the judgment of the Court below be affirmed.