## RAWLINGS vs. ROBSON.

1. Where one signs a note with his own name, and nothing appears upon its face to show that he is acting for another, he will be held liable ; and so also where one signs for another, for whom he has no legal authority, as where he adds to his own name the word administrator, executor, guardian, or merely agent, the obligation is held to be a personal one.   Where such principal is distinctly indicated, and the contract is substantially in his or her name, the principal, and not the agent, will be liable, if the agent has the right to bind the principal, but the particular form in which the principal is indicated is immaterial.

(*a.*) Therefore if a husband signed a note, "J. A. Robson, agent for his wife," such signature sufficiently indicated that the debt was that of the wife, and that the husband was her agent; and the failure upon her part to plead *non est factum* may well be construed into an implied admission of his authority to make it.   And parol evidence was admissible to show who the wife was.

2. Where a husband contracted a debt on behalf of his wife, and gave a note therefor signed by himself as her agent, such note was not payment of the debt, in the absence of any express agreement to so receive it.

April 17, 1883.

Principal and Agent.   Husband and Wife.   Contracts. Promissory Notes.   Payment.   Before Judge CARSWELL. Washington Superior Court.   September Term, 1882.

Reported in the decision.

HINES & ROGERS, for plaintiff in error.

E. S. LANGMADE, for defendant.

CRAWFORD, Justice.

This suit was brought against Georgia Robson, the defendant, to recover of her $360, for six tons of commercial guano. She was sued upon a note given therefor, which was signed " J. A. Robson, agent for wife," and also upon account for guano for the same amount called for by the note.

When the case was called for trial, the court, on motion of defendant's counsel, dismissed it upon the grounds :

(1.) Because the note sued upon was the note of J. A· Robson, and not that of his wife, Georgia Robson.

(2.) Because the account sued upon was settled by the note, and could not be sued upon.

We think that the court erred in dismissing the suit, on both grounds.

1. Where one signs a note with his own name, and nothing appears upon its face to show that he is acting for another, he will be held personally liable. And so, too, where one signs for another for whom he has no legal authority, as where he adds to his own name the word administrator, executor, guardian, or where he. simply adds the word agent, the obligation is held to be a personal one. But in this case whilst J. A. Robson signs his own, instead of his wife's name, it is clear that the intent was to sign for and bind the wife, and that the contract was for her benefit. We think that this paper shows two material facts; one, that the debt was the wife's; the other, that he was her agent to make it. And the failure upon her part, when sued thereon, to plead *non est factum*, may well be construed into an implied admission of his authority to make it.

Where the principal is distinctly indicated, as in this case, on the face of the paper, such principal, and not the agent, will be the party liable. The rule, however, is that this must appear in some way; the particular form in

which it is done is immaterial, if it in fact be done for the principal, and substantially in his or her name, that will be sufficient. Of course such liability will always depend upon the right of the agent to bind the principal; but wherever it exists, and the paper shows that he is acting for the principal and not for himself, the principal will be bound. The note here sued, on its face forbids the conclusion that J. A. Robson was the principal; it shows that he was only an agent, and at the same time for whom he was agent. This much appearing in the paper itself, authorizes the admission of parol evidence to show who the wife was, for it is no attack upon the writing to do this by additional testimony. See 16 *Ga.*, 458; 56 *Ib.*, 258; 10 Wend., 292; Parsons Notes and Bills 92, 95, 102; 39 *Ga.*, 35.

2. Upon the second ground of the defendant's motion to dismiss the plaintiff's suit, we think that the court also erred. Section 2867 of the Code declares that bank checks and promissory notes are not payment until themselves paid.

In the case of *Weaver vs. Nixon & Wester*, decided September term 1882, this court held that, "A bill, acceptance or promissory note, either of the debtor or of a third person, is no payment or extinguishment of the original demand, unless it is expressly agreed to receive it in payment."

Let the judgment of the court below be reversed.