## HART *v.* LEWIS, SHORE & COMPANY.

1. A deed of bargain and sale made by an executor, who signed the deed, and, following his signature, added the words, "executor of" the testator (naming him), such person having no interest in the property conveyed otherwise than as executor, will be construed to have been executed in a representative capacity, when considered in connection

with the will, and will serve to execute a general power of sale, conferred on him by the will, over the property conveyed, though the deed make no reference to the power nor any further reference to the will or to the office of executor.

(a) Construing a deed, executed under circumstances enumerated in the foregoing division of this headnote, as having been executed in the representative capacity, parol evidence, offered on the trial of the case involving the validity of the instrument as an executor's deed, to the effect that the maker signed the deed in a representative capacity, did not tend to vary the terms or legal effect thereof, and such parol evidence was not rendered inadmissible on account of an objection urged thereto that parol evidence was inadmissible to explain or vary an unambiguous written contract.

2. When considered with the context, a charge in the following language: "Now in this case, gentlemen. was T. H. Hart the agent of Mrs. Mattie Hart, in inducing and consummating this trade? Was it done with a fraudulent purpose? Was Mrs. Hart a party in any way to this fraud, —to the perpetration of it? If she was, then she would not be entitled to recover," is not such an expression of opinion upon the evidence as to be violative of the Civil Code, §4334.

3. None of the remaining assignments of error require the grant of a new trial for any reason assigned.

Submitted October 14, 1907.—Decided April 15, 1908.

Equitable petition. Before Judge Mitchell. Brooks superior court. July 12, 1907.

*George L. Patterson* and *Cranford & Wilcox,* for plaintiff.

*L. W. Branch* and *Stanley S. Bennet,* for defendants.

ATKINSON, J. This is a suit brought by Mattie Hart against Lewis, Shore & Company, a partnership, to enjoin the cutting of timber upon a described tract of land. The case resulted in a verdict for the defendant, and a motion for new trial was made by the plaintiff, which being overruled, exception was taken.

1. Among other writings relied upon as evidence of title, the defendants relied upon a certain lease executed by W. P. Smith to M. Brice, and an endorsement thereon as follows: "For value received I hereby transfer and assign to the Oglesby Lumber Manufacturing Company all of the timber contained in the within lease from W. P. Smith to Mitchell Brice, after having advertised the same, and sawmill, planer, etc., for 30 days before the first Tuesday in October, 1903, for sale, they being the highest bidder for cash, the bid being $19,000 for the timber, mill, etc., they paying one half cash, balance with note for 12 months, with seven per cent. interest from date. Samuel S. Rountree, executor of M. Brice." One ground of the motion for new trial complains that

the court erred in permitting counsel for defendants to prove by S. S. Rountree that he, as executor of M. Brice, deceased, executed the endorsement just mentioned. The ground of objection was that the endorsement was unambiguous, and appeared upon its face to be the individual undertaking of S. S. Rountree, and that the parol testimony sought to add to, change, and vary its terms. Another ground of the motion for new trial complains that the court erred in admitting the endorsement in evidence, over plaintiff's objection that it appeared upon its face not to be the transfer of the executor of M. Brice, but the transfer of Samuel S. Rountree as an individual, and because no title had been shown in Rountree individually, and further because it purported not to be a transfer of the lease from Smith to Brice, but a transfer of certain timber leases mentioned in said lease, and it did not contain a sufficient description of the property to satisfy the statute of frauds. In the brief of counsel for plaintiff in error, the only objections to the evidence insisted upon were those complaining of the admission of parol evidence to explain the unambiguous written endorsement, and that which related to the admission of the endorsement on account of its being an individual act of Samuel S. Rountree, rather than his act as executor. The evidence was admitted in connection with the will of M. Brice, wherein Samuel S. Rountree was nominated as executor, and given the power of sale without obtaining an order of court, and in connection with other parol evidence that Rountree did not have any private interest in the property. The writing is in effect a deed, and, under the circumstances enumerated, should be construed as having been executed in a representative capacity and as an execution of the power of sale for which provision was made in the will. *Lee* v. *Giles,* 124 *Ga.* 494 (52 S. E. 806); *Terry* v. *Rodahan,* 79 *Ga.* 278 (5 S. E. 38, 11 Am. St. R. 420). Construing the writing as an executor's deed, the testimony of the witness which was admitted in evidence did not tend to vary the legal effect of the instrument, and was not open to the objection urged against it. See also, in this connection, *Rawlings* v. *Robson,* 70 *Ga.* 595.

2, 3. The rulings announced in the second and third headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*