CAMPBELL COAL COMPANY *et al.* v. BAKER, executrix, *et al.;*
*et vice versa.*

FISH, C. J. 1. In the absence of any authority for that purpose con-
ferred by a will, the executor nominated therein and subsequently quali-
fied has no authority to enter into a contract granting an option to a
certain person to purchase at private sale land belonging to the estate
for a specified price. In the present case the will was not introduced in
evidence and the allegations of the equitable petition, in effect, concede
that the executrix had no such authority under the will.

2. By the Civil Code (1910), § 4035, it is declared that "A private sale
of land, under an obligation to perfect by legal formality, is contrary
to public policy, and renders such sales always open to review at the
option of parties at interest."

(*a*) While such contracts are executory, being contrary to public policy
they can not be enforced either at law or in equity. *Logan* v. *Gigley*, 9
*Ga.* 114; *Bond* v. *Watson*, 22 *Ga.* 637; *Downing* v. *Peabody*, 56 *Ga.* 40.

(*b*) It follows that a court of equity would not grant a decree for specific
performance of such a contract, and that there was no error in sustain-
ing a demurrer to a part of the petition, called "a count," which sought
to obtain such relief.

3. An executrix obtained from the ordinary an order authorizing a sale of
a portion of the land of the testator, described as follows: "lying and
being in the City of Atlanta and in land lot 85 of the 14th District of
Fulton County, Georgia, commencing at the southwest corner of Hum-
phries and Whitehall streets and running thence northwest along the
western side of Humphries street 216 feet, more or less, to right of way
of the Central of Georgia Railway Company; thence southwestwardly
along said right of way 265 feet, more or less; thence southeast 216
feet, more or less, to Whitehall street; thence northeastwardly along
Whitehall street 265 feet, more or less, to beginning corner; except
the right of way of the Southern Railway through said property."
When the executrix undertook to make a conveyance of the land thus
sold, a deed was prepared, describing the land as above set out. The
agent representing the purchasers in closing the transaction objected to
the use of the words "more or less" in describing the length of the
line extending southwestwardly along the right of way of the Central of
Georgia Railway, and the opposite line along Whitehall street, on
the ground that no monument or boundary was fixed to which this
measurement should extend, that the land being conveyed was cut
from a larger tract of land which extended further westward, and
that the exact number of feet to be conveyed should be specified with-
out the words "more or less." He determined to his satisfaction
that two hundred and sixty-five feet was the correct measurement, and
the deed was made accordingly. *Held*, that, the words "more or less"
having been intentionally omitted by consent of both parties, and the
exact number of feet to be conveyed having been stated, the deed was not
subject to reformation by restoring the words thus omitted at the in-
stance of the purchasers' agent, on the theory that they were omitted
by mistake.

(*a*) If the deed should be reformed by merely inserting "more or less," this, without anything further, would not establish the fact that a certain narrow strip of land lying westward of that included in the conveyance as made should have been included therein. The mere addition of the words "more or less" to the description contained in the deed would not suffice to establish a western boundary as including the additional strip of land thus claimed.

4. In order for the purchasers at an executor's sale, or one to whom they conveyed, to obtain such reformation of the deed made by the executrix as to give them the relief sought, it would be necessary, not only to insert therein the words "more or less," but also to extend the easterly and westerly line to a boundary ten or fourteen feet further west than would be reached by the measurement of two hundred and sixty-five feet described in the deed, so as to reach to what was claimed to be the side of an alley. The evidence entirely failed to establish mutual intention that the conveyance should extend to what was claimed to be an alley, without resorting to an effort to enforce and carry into effect an agreement made by the executrix before the sale, granting an option to a third person to buy the land at private sale at a specified price, the purchasers at the sale of the executrix claiming that they contracted with the holder of such option, and that it was held for their benefit, though not assigned to them.

(*a*) Inasmuch as the option thus made was contrary to public policy and unenforceable, and inasmuch as the evidence failed to show any case authorizing reformation of the deed made by the executrix, except by indirectly enforcing the option by making the deed conform to it as to the western boundary of the land mentioned in it, no decree for such reformation of the executrix's deed could be granted.

(*b*) While it was sought to establish the western boundary of the land by reference to the option, because of a reference in such option to an alley, and to so reform the deed made by the executrix as to extend its northerly line in the description of the land to what was thus called an alley, nevertheless it was not sought to follow the description set out in such option, but in the deed to be reformed as prayed the description of the land sold would not conform, in several respects, to that contained in such option.

5. At the time of the execution of the deed by the executrix, the purchasers also took an additional deed from her as an individual and from certain other persons, the connection of all of whom with the testator and the land was not clearly shown, but who were probably treated as heirs of the testator. The description in it was the same as in that executed by the executrix. It was also sought to reform this deed in the same manner as that of the executrix. *Held*, that this could not be done. Some of the reasons above stated apply to this deed as well as to that of the executrix. Moreover, these individuals were not parties to the option on which the persons seeking reformation relied. The evidence introduced further failed to show that these individuals were under any binding contract to make a conveyance to the purchasers at the executrix's sale, but merely that they did so at the request and desire of the agent of such purchasers, making their deed in addition to that

made by the executrix. Nor was the evidence sufficient to show that the signers of such deed as individuals agreed, or intended, to make any other conveyance than that which they did make. Accordingly it failed to show that there was such a mistake as to authorize a reformation of the deed executed by them.

6. Under the evidence there was no error in directing a verdict in favor of the defendants, all the other assignments of error, relating to the evidence, being without merit.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur.*

     SEPTEMBER 21, 1914. REHEARING DENIED OCTOBER 1, 1914.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 30, 1913.

*Robert C. & Philip H. Alston,* for plaintiffs.

*Westmoreland Brothers, Moore & Branch,* and *McDaniel & Black,* for defendants.