### MILLER *et al. v.* HINES.

ATKINSON, J. 1. The exception is to a refusal to grant a new trial. That part of the transcript of record called a brief of evidence consists of a full stenographic report of the oral evidence, copies of deeds and other documents set out in extenso, much of this matter being irrelevant and superfluous. Manifestly there was no bona fide effort to brief the evidence, as required by the Civil Code, § 6093. As there are questions which can be decided without reference to the evidence, the motion to dismiss the bill of exceptions will be denied; but no question will be decided which depends upon consideration of the evidence.

2. The petition set forth a cause of action, and was sufficient as against a general demurrer. There was no error in overruling the motion to dismiss the petition, presented for the first time upon the trial at a term subsequent to the appearance term of the case. The description of the property as alleged in the petition was vague, but sufficient to amend by, and will not require a dismissal of the case on motion at the trial term. *Lane* v. *Lane,* 87 *Ga.* 268 (13 S. E. 335).

3. An executory contract between "F. C. Miller, administrator of the estate of E. P. Miller," and H., whereby the former agreed to sell to the latter certain personal property exceeding fifty dollars in value, and to lease for turpentine purposes certain real estate of the intestate, properly construed, was an agreement by F. C. Miller in his representative capacity. Civil Code, §§ 3570, 3594; *Hart* v. *Lewis,* 130 *Ga.* 504 (61 S. E. 26); *Raleigh &c. Railroad Co.* v. *Pullman Co.,* 122 *Ga.* 700 (9), 709 (50 S. E. 1008); *Phinizy* v. *Bush,* 129 *Ga.* 479 (8), 492 (59 S. E. 259). The case differs from that of *Glisson* v. *Weil,* 117 *Ga.* 842 (45 S. E. 221), and similar cases relating to contracts which did not involve a sale of the property of another. Being an agreement by an administrator to make private sale without order of court, it would be violative of public policy and unenforceable. Civil Code, § 4035; *Campbell Coal Co.* v. *Baker,* 142 *Ga.* 434 (83 S. E. 105). And even if it were not so, it would not afford a basis of recovery in a suit for damages for breach of the contract, instituted by H. against F. C. Miller individually, and other persons alleged to be heirs of E. P. Miller, for whom it was alleged that F. C. Miller acted as agent in making the contract. *Trust Company of Georgia* v. *Wallace,* 143 *Ga.* 214 (84 S. E. 538).

(a) The only description of the property which was the subject-matter of the agreement was: "2 turpentine still and fixtures, 200 turpentine

dip barrels, 5 ordinary saddles, 1 Texas saddle, 16 head mules, 6 head horses, 2 four-mule wagon and harness, 3 two-mule wagon and harness, 2 timber-carts, 1 gas-engine and pump, 1 lot cooper-shop tools, 1 lot turp. tools. . . Also one stock of merchandise now in commissary, estimated value $4,000.00, but to be paid for at invoice cost when inventory is taken, except damaged or unmerchantable stock; all of the above property now being located at or near Walthourville, Ga., in Liberty County. . . All the timber lands now owned by said estate of E. P. Miller. . . The lot of land on which the turpentine stills are now located; also the lots on which the commissary, mule lots, and barns are now located; also all negro shanties belonging to said turpentine location, except the one now occupied by Robt. Hamilton." *Held*, that the description of the property contained in the writing was not sufficiently definite to render the contract a basis of recovery in an action for damages for breach of the contract. Civil Code, §§ 4106, 4222; *Tippins* v. *Phillips*, 123 *Ga.* 415 (51 S. E. 410); *Ferguson* v. *McCowan*, 124 *Ga.* 669 (52 S. E. 886); *Pearson* v. *Horne*, 139 *Ga.* 453 (77 S. E. 387).

(*b*) Where a paper of the character mentioned above is relied on as a basis of recovery in such a suit, it is erroneous to also admit in evidence, in connection therewith, a paper executed by some of the heirs at law of the intestate, purporting to constitute F. C. Miller their attorney in fact, "not only to conduct, manage, and control the business, but to sell and dispose of, at such prices as to him may seem proper, all the property of the intestate, wherever located."

(*c*) The executory contract and power of attorney mentioned above having been erroneously admitted, the court should not have charged the jury upon the basis thereof.

4. It was alleged that the defendants contracted to sell to the plaintiff the "turpentine rights in and to all of the timber lands then owned" by them, "the title to which was derived by or through" E. P. Miller, the intestate; also that the defendants "as the heirs at law" of E. P. Miller, at the date of the contract, owned a designated number of acres "of timber lands in Liberty County, Georgia, upon which they agreed to sell" to the plaintiff the turpentine rights. *Held:* (*a*) In view of such allegations, it was not a good objection to the admission of certain deeds executed by other persons to E. P. Miller, conveying timber lands in Liberty County, that the pleadings did not authorize their admission. (*b*) Deeds of the character above mentioned, some of which were recorded upon insufficient probate, and others not recorded, having been produced by the defendants under notice to produce, if otherwise competent, would be admissible in evidence without further proof of execution.

5. In view of the ruling announced in the third headnote, testimony that when the executory contract was signed D. C. Miller, who was one of the defendants, was present and approved the contract was inadmissible.       *Judgment reversed. All the Justices concur.*

Ａugust 16, 1916.

Action for damages. Before Judge Sheppard. Liberty superior court. February 16, 1915.

*N. J. Norman* and *Hines & Jordan,* for plaintiffs in error.

*W. B. Stephens, Oliver & Oliver, W. B. Stubbs,* and *W. F. Mills,* contra.