## 9423. BLUMENTHAL *v.* CAIN.

Where no authority for a private sale of property of a testator's estate was conferred by the will, a contract privately made in behalf of the executors, by one of them, for a sale of land of the estate, providing that title should be perfected, was contrary to public policy; and an action for breach of the contract was not maintainable.

DECIDED JULY 30, 1918. REHEARING DENIED SEPTEMBER 17, 1918.

Action for breach of contract; from Chatham superior court—Judge Meldrim. November 22, 1917.

As to individual liability of an executor making an unauthorized contract in behalf of the estate, counsel for the plaintiff cited: *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214); *King* v. *Johnson,* 96 *Ga.* 498; 18 Cyc. 248; 11 R. C. L. 166; Civil Code (1910), § 3613; *Anderson* v. *Foster,* 105 *Ga.* 563; *Parker* v. *Barlow,* 93 *Ga.* 700 (2); *Allen* v. *Hurst,* 120 *Ga.* 763.

*Osborne, Lawrence & Abrahams,* for plaintiff.

*Adams & Adams,* for defendant.

LUKE, J. Blumenthal sued Cain, not as executor but as an individual, for $4,125 damages, alleging: that Cain, as executor of the Downs estate, and in behalf of the other executors, contracted with him in writing to sell to him certain land of the estate for $10,000 when the executors should perfect title to the property; that under the will the defendant did not have authority to sell said property at private sale, but the plaintiff did not know this at the time the contract was made; that the plaintiff was at all times ready, able, and willing to pay to Cain the purchase-price stipulated, but Cain, instead of complying with the contract, in behalf of himself and the executors, offered the property for sale at public outcry, and it was then and there bid off by another person for $14,125, the market price of the property, and Cain thereby became indebted to the plaintiff in the sum sued for. The defendant demurred on the ground that no cause of action was set forth. The trial court sustained the demurrer on the ground "that the

contract is contrary to public policy and void, because sales by, executors, unless otherwise provided by the will, must be by public outcry."

Section 4035 of the Civil Code of 1910 declares that "A private sale of land, under an obligation to perfect by legal formality, is contrary to public policy, and renders such sales always open to review at the option of parties at interest." "While such contracts are executory, being contrary to public policy, they can not be enforced either at law or in equity." *Campbell Coal Co*. v. *Baker,* 142 *Ga.* 434 (83 S. E. 105). See also *Logan* v. *Gigley,* 9 *Ga.* 114; *Bond* v. *Watson, 22 Ga.* 637; *Downing* v. *Peabody,* 56 *Ga.* 40; Park's Annot. Code, § 4253. It follows, therefore, that the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Wade, C. J., concurs. Jenkins, J., not presiding.*