*J. H. & Emmett Skelton, William Carey Skelton,* and *A. S. Skelton,* for defendant.

FIRST CHRISTIAN CHURCH OF DUBLIN *et al. v.*
JEFFERSON STANDARD LIFE INSURANCE COMPANY.

No. 11474. SEPTEMBER 19, 1936. REHEARING DENIED OCTOBER 16, 1936.

169

*C. C. Crockett* and *Blackshear & Blackshear,* for plaintiffs in error.

*Adams & Nelson* and *Bryan, Middlebrooks & Carter,* contra.

HUTCHESON, Justice. 1. "An instrument signed by one as agent, trustee, guardian, administrator, executor, or the like, without more, is the individual undertaking of the maker, such words being generally words of description." Code, § 4-401. However, "the form in which the agent acts is immaterial; if the principal's name is disclosed, and the agent professes to act for him, it will be held to be the act of the principal." § 4-304. See *Tiller* v. *Spradley,* 39 *Ga.* 35; *Miller* v. *Hines,* 145 *Ga.* 616 (89 S. E. 689).

2. "Upon the dissolution of a corporation, for any cause, all of the property and assets of every description belonging to the corporation shall constitute a fund—first, for the payment of its debts, and then for equal distribution among its members. To this end the superior court of the county where such corporation was located shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction." Code, § 22-1208.

3. Properly construed, the petition seeks judgment for the debt against the assets of the dissolved church corporation, and against the indorsers on the note given in evidence of the debt, and is not seeking a personal judgment against the demurrants, or the trustees of the dissolved church corporation as individuals, and is sufficiently definite as to "who are the parties defendant and against whom the plaintiff is seeking to obtain a judgment;" and the demurrants having been made parties merely because they are in possession and control of the property which the plaintiff attempts

to subject to the debt sued on, the ground of demurrer that the petition does not show wherein the demurrants are liable for the debt is without merit.

4. The petition names the church corporation as the maker of the note sued on, and prays for process against all the defendants, and is not subject to demurrer on the grounds of nonjoinder of such party as a defendant.

5. Under the above rulings the petition set forth a cause of action, and the judge did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*