30049. FISHER *v.* PAIR, executor.

DECIDED JUNE 8, 1943.

*Clint W. Hager, J. F. Kemp,* for plaintiff.

*Fraser & Irwin,* for defendant.

SUTTON, J. L. A. Fisher, doing business as Fisher Realty Company, brought suit in the civil court of DeKalb County against Henry T. Pair individually and as executor under the will of Homer F. Pair, deceased, to recover $400 alleged to be due him by the defendant as commission earned under a contract in the sale of described realty. Pair defended on the ground that he was not individually liable, and that the contract sued on was void as against public policy, because it undertook to provide for private sale of realty belonging to an estate where the will devising such property did not give the executor the right to sell at private sale. The judge, trying the case without a jury, rendered judgment for the defendant, and overruled a motion for new trial. The superior court overruled the plaintiff's certiorari, and the exception is to that judgment. It is contended that the evidence did not authorize or demand a verdict for the defendant, but demanded a verdict for the plaintiff.

The evidence was substantially as follows: On November 26, 1941, H. T. Pair executed and delivered to the plaintiff the following paper: "This will be your authority to show my property on Marietta Highway, which is for sale as per listing card on file in your office." The listing card referred to, dated November 28, 1941, showed at its top the following: "Owner: Heirs of Homer F. Pair estate. Home address: Henry T. Pair, ex., 1442 DeKalb Avenue, res. phone De. 1133. Exclusive to Fisher Realty Co. Listed by: Henry T. Pair." It contained the following recital: "In consideration of services and expenses in connection with same, I hereby appoint Fisher Realty Company

my agent and give them the exclusive control for a period of thirty days (30) of the selling of the property described on the opposite side of this card, and agree that if said property is sold within that time I will pay them the regular real estate commission for same." This was signed "Henry T. Pair." It appears to be conceded between the parties that Henry T. Pair and his brother, George I. Pair, were acting executors of the will of their deceased father, Homer F. Pair. A certified copy of the will was introduced in evidence, and will hereinafter be referred to. The plaintiff testified, that pursuant to the listing of the property with him he obtained a purchaser upon the cash terms of $4000 as set by the defendant, upon which he was to be paid a commission of ten per cent. under the contract between the parties, but that the defendant had refused to pay the same; that at the time of employing him to sell the property Henry T. Pair represented himself as executor of the estate of Homer F. Pair, deceased, and also that he had a power of attorney from the heirs of the estate, there being four besides himself having an interest in the property; and that his brother, George I. Pair, had also agreed to the sale and signed the contract of sale.

Mrs. Willie Mae Hill testified, that she was solicited by the plaintiff to purchase the property here involved, and that as a result of his work as a real-estate broker she consented to and did execute a contract for the purchase of the property for $4000 cash; that it was a bona fide sale; that she at all times endeavored to complete the sale, but it failed because of the seller to complete the transaction; and that she had not paid the plaintiff the $400 commission. The defendant testified, that he employed the plaintiff to sell the property, and signed a contract of sale which was introduced in evidence; that his brother, George I. Pair, co-executor, called with him at the office of the plaintiff and also signed the contract of sale; that the reason he could not consummate the sale was that the three other heirs refused to permit him to do so; and that he wrote a letter, which was introduced in evidence, informing the plaintiff as follows: "After the heirs at law of my father, and legatees under his will, have repudiated the tentative power of attorney I exercised in signing the contract to sell my father's land, said contract is void, and there is nothing more to be done about it. The only legal way the land can be

sold under the will is by advertisement for four weeks, and sell by public outcry. I want to and must move in harmony with the heirs at law, or else get involved in litigation with the heirs rejecting the contract. A deed by me would be worthless and would not vest title. You told me over the phone and also in your office that you would not accept a deed unless the heirs signed it. They will not sign; and there is nothing I can do about it."

The following documents were in evidence: An agreement to purchase the property, dated February 5, 1942, signed by Mrs. Willie Mae Hill, purchase-price $4000, accepted by "H. T. Pair, owner, power of attorney for other heirs." Claim of lien filed by the plaintiff on February 19, 1942. Certified copy of the will of Homer F. Pair, deceased. After directions as to payment of debts, the will provided as follows: "Item 2. After the payment of all my just debts and all legal charges against my estate, I give and bequeath all my property both real and personal, of whatever kind and wherever situated, to my beloved wife, Laura E. Pair, for her use and benefit, for and during her natural life or during her widowhood. Item 3. I wish it distinctly understood and it is my will that she have absolute control and management over all property left to her under this will, and I desire her to be as free and untrammeled in the management of said property as I would be myself were I present and acting for myself. I desire that she have full power, should she deem it necessary and to the best interest of my estate, to encroach on the corpus, or to sell any property either for the purpose of paying debts, or distribution, or for the purpose of changing investment. She is to have the power to reinvest the proceeds of any sale that she may make, as in her judgment is best for the estate; and she is to have the power to do all this without order of any court. I have absolute confidence in her judgment, and knowing that she will act in all these things to the best interests of my estate. It is my will and desire that my said wife hold the home place that we now live on during her life or widowhood, and not sell same unless in her judgment it becomes absolutely necessary to do so. Item 4. If my wife should marry again, it is my will and desire that all of my property both real and personal, not disposed of by my said wife and not used by her under the provisions

of item 2 of this will, be divided between my said wife and five children, to wit: George I. Pair, Mrs. Lucinda B. Lowe, Mrs. Stella M. Harris, Henry T. Pair, and Robert C. Pair. My wife to receive a child's part, and said children to share and share alike. In the event any one of my children should die leaving child or children, then such child or children shall stand in the place of the deceased parent and take the share that would have gone to the deceased parent. Item 5. If my wife should not remarry, at her death I direct that my property, or the proceeds thereof, be divided among my children, or their representatives, as provided in item 4 of this my will. Item 6. It is my will and desire that the provisions made in this will for my wife, and the interest conveyed to my wife, shall be in lieu of dower and years support. Item 7. I hereby appoint my wife, Laura E. Pair, executrix of this my last will and testament. I desire that she qualify and act as sole executrix during her life or widowhood, with all powers vested in her in item 3 set out above. Should she marry again, I desire that my two sons, George I. Pair and Henry T. Pair, shall qualify as executors, and when they have so qualified I desire my said wife to turn over all of the estate to them as executors, allowing her to take such personal property from the house as she may desire, and that she be discharged as executrix, and that the administration of the estate be vested in my two sons above mentioned, with all the powers above mentioned vested in them, and said powers upon the resignation under the above conditions of my said wife shall cease as to her. In the event of the death of my said wife without having remarried, then I desire my two sons to qualify as executors and proceed to administer the estate. I desire that they have vested in them all the powers given to my said wife in the preceding items of this will; and in view of the broad powers set out and in fairness to all of the interests of my estate, I think it is best that they should give bond and good security payable to the ordinary of this county, conditioned to faithfully perform their duties as executors just as they would have to do were they qualifying as administrators. Not that I doubt their honesty in the slightest, but in a sense of fairness to every one. Executed this 28th day of September, 1922."

The plaintiff is committed by his testimony to the proposition that Henry T. Pair and George I. Pair were co-executors of the

will of Homer F. Pair, deceased, who in his lifetime owned the realty here involved, and that besides these two there are three other "heirs" or legatees as named in the will. This being true, it must be taken as a fact that the wife of the testator, who was named in the will as executrix to act during her lifetime, if remaining a widow, was deceased at the time the property was listed with the plaintiff for sale; that she was not a legatee with an interest in the property; and that upon her death the right to become executors vested absolutely in Henry T. Pair and George I. Pair, with the authority to sell the lands of the estate as provided in the will. It will be noted that item 4 of the will provided that if the wife, to whom the property was devised for life or during widowhood, should remarry, the property was to be divided between her and the five children named in the will; that item 5 provided that if she should not remarry, then at her death the property should be divided among the five children; and that the two named sons should qualify as executors. So, as there are only five persons, the children, having an interest in the estate, it must be concluded that the wife was dead at the time of the listing of the property for sale, because if living but married again she would, under item 4 of the will, nevertheless share in the estate, but she would cease to be executrix and be succeeded in the representative capacity by the two named sons. Item 3 provided that the executrix might sell the realty without an order of court, but did not authorize a private sale. Consequently a sale by an executor would be contrary to public policy, and a contract to sell be unenforceable at law or in equity. Code, § 113-1716; *Neal* v. *Patten,* 40 *Ga.* 363; *Campbell Coal Co.* v. *Baker,* 142 *Ga.* 434 (83 S. E. 105); *Miller* v. *Hines,* 145 *Ga.* 616 (3) (89 S. E. 689); *Turner* v. *Peacock,* 153 *Ga.* 870 (3) (113 S. E. 585); *Blumenthal* v. *Cain,* 22 *Ga. App.* 596 (96 S. E. 710). No legal verdict against the defendant in his representative capacity was possible under the evidence, and in fact the plaintiff's counsel apparently so concedes in his brief.

But it is contended that a verdict against the defendant in his individual capacity was demanded and that the court erred in rendering judgment for him; it being urged that he entered into the contract with the plaintiff in his individual capacity and represented to the plaintiff that he had a power of attorney from the "heirs" to sell the property. Assuming that the defendant did

have such a power of attorney, under it he was only the agent of others, and the alleged representation was notice to the plaintiff that he was not purporting to sell property personally owned by him or to become personally liable for a commission in the event a purchaser was obtained. Nor could the plaintiff rely on any presumed right in the five children, referred to as "heirs" but in fact legatees under the will, to make a deed to the realty. By the probate and record of the will, as evidenced by notations on the certified copy introduced in evidence, the plaintiff was put on notice that any property belonging to the testator in his lifetime was to be administered by an executor or executors; and he was charged with knowledge that under the law, while title to realty descended to the legatees under the will upon the death of the testator, the title was subject to the right of the executor to sell the property if necessary for the payment of the testator's debts, that in a sale of such realty the deed would have to be executed by the executor or executors, and that the legatees could not sell the realty or execute a valid deed unless the executor refused to do so and under circumstances where there were no unpaid debts of the estate. There was no evidence whatever that the estate of Homer S. Pair had been administered with respect to payment of all creditors; and consequently it was not shown that the professed power of attorney was from a source authorized to make a sale of the property. In any event a sale under a power of attorney would not be by one acting individually, but by the grantors of the power of attorney through the holder of the power of attorney as agent; and a failure to sign or the signing of a contract of sale executed, on the one hand, by a purchaser obtained by the real estate broker would not subject him to individual liability.

Nor does the fact that the defendant signed the listing card in the present instance, in the manner hereinbefore set out, constitute an undertaking by him individually. While it is true that his name was signed without the addition of the words "as executor," the card made known to the plaintiff that the property listed was owned by "heirs of Homer F. Pair estate," and the "home address" was shown as that of Henry T. Pair, ex., which suffix, in connection with the information as to the owners of the property, should reasonably be taken as negativing any intention of Pair to be acting individually, but only as executor; and in fact the testimony

of the plaintiff evidences an understanding that Pair was acting as executor, because he testified that Pair "represented himself as executor of the estate of Homer F. Pair, deceased." While it is the general rule that a signature with the added word "administrator" or "executor" will ordinarily be treated as that of one in his individual capacity, the added word being generally merely descriptio personæ, this is not an inflexible rule where the context makes it clear that it is signed in a representative capacity although the added word is not *as* administrator or *as* executor. In ruling to this effect in *Wadley* v. *Oertel,* 140 *Ga.* 326, 330 (78 S. E. 912), several cases were referred to by the Supreme Court in its opinion, among them *Jennings* v. *Wright,* 54 *Ga.* 537, as to which it was stated: "In [that case] a suit was brought in the statutory short form against the administrator of a named decedent, but the petition did not expressly state that it was against him *as* administrator. It alleged that the defendant was indebted to the plaintiff on a note, of which a copy was attached. The copy annexed was that of a joint note of the decedent and another. It was held that the suit was against the defendant, not individually, but in his representative capacity. In the opinion Bleckley, J., said: 'Let the declaration and the copy note, in this case, be read together in a spirit of candor, and there is not one man in a thousand who would be likely to misunderstand them. To miss the meaning the reader would have to be a man of much learning, and one whom much learning hath made mad.'" Likewise no reasonable man could, in our opinion, read the listing card with the information as thereon shown, and fail to be convinced that Henry T. Pair was not purporting to authorize the plaintiff to sell any property belonging to him or to individually become responsible for a commission, but to sell the property described on the reverse side of the card as that devised under a will by virtue of which he was executor of the estate. In short, he was making no engagement of his own, but purporting to act as executor in listing for sale property which could not in law be sold in the private manner contemplated. Under no theory do we think he could be held liable individually for the commission claimed. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens, P. J., concurs.*

Felton, J., concurs in divisions 1 and 2, and dissents from the ruling in division 3, and from the judgment.