Washington, Justice,
delivered the opinion of the court, and after stating the case, proceeded as follows: — The material question to be decided is, whether the power given to A. Young, his execu *235 tors and administrators, to sell the real estate of the testator, was legally-exercised ? If it was not, then the plaintiff in error, who claims under a sale made by the executor of Young, acquired no title under it, and the judgment below is right.
It was contended by the counsel for the defendant, that by the death of Young, as well as of the brothers and sisters of the testator, in the lifetime of John Bleakley, the son, the devises to them, to arise out of the power to sell, never took effect ; and, consequently, there being no person in existence, at the death of the son, to receive the proceeds of the sale, or any part of them, the power was unduly exercised. The premises upon which the above argument is founded, as well as the conclusion drawn from them, being controverted by the counsel on the other side, our inquiries will be confined to those two points.
With respect to the devise of the 400Z. to A. Young, a majority of the court is of opinion, that by the words, as well as from the obvious intention of the testator, that sum was not to be raised, except in the event of the death of John *Bleakley, the son, without issue, in the lifetime of Young. During the joint lives of the son, or his issue, and Young, the latter was to receive an annuity of 301 out of the rents and profits of the real estate. But if the son should die without issue, in the lifetime of the said Young, the annuity was, in that event, to cease, and the 400¿. was to be raised for his use, out of the proceeds of the real estate, when the same should be sold, according to the intention of the will, as thereafter mentioned. The contingency on which the devise of the 4001. was to take effect, is in no respect connected with that on which the devise of the proceeds to the brothers and sisters was to depend. The 400¿. is expressly given in lieu of the annuity, in case Young should survive the son, without issue, in which event it was to cease.
. The contingency upon which the devise of the proceeds of the real estate to the brothers and sisters was to take effect, was the death of the son without issue ; and since it was possible, that the particular estate of the son might endure beyond the life of Young, the power to sell, for the benefit of the brothers and sisters, is extended to his executors and administrators. It is true, that by the clause which gives the power to sell, taken independent of the devise to Young, it would seem as if the 4OCR was, at all events, to be first deducted out of the proceeds of the sale, and paid to him, in the same event as the residue was to be paid to the brothers and sisters, that is, on the death of the son without issue. But the *two clauses must, of necessity, be taken in connection with each other, the one as containing the bequest to Young, and the contingency upon which it was to take effect; and the other, as pointing out the fund out of which it was to be satisfied. If the former never took effect, it is clear, that the latter was relieved from the burden imposed upon it. A very good reason appears for making the devise of the 4001. to Young, to depend upon his surviving the son, without issue, since it would be, in that event only, that he would want it; the annuity, which it was intended to replace, continuing until that event happened. But no reason is perceived, why the devise over to the brothers and sisters of the testator, or the execution of the power for their benefit, should have been made to depend on the same event; a trustee to *236 sell being provided, in tbe executors of Young, in case be should die, before tbe power could be executed.
Having shown, it is believed, that tbe devise of the 400¿. to Young never took effect, in consequence of bis death in tbe lifetime of John Bleak-ley, tbe son, it becomes important to inquire, whether tbe devise to tbe brothers and sisters of • tbe testator failed, in consequence of their having all died in tbe lifetime of tbe son. The operative words of tbe will are, “I give tbe proceeds thereof (of bis real estate) to my said brothers and sisters, and their heirs, for ever, or such of them as shall be living at the decease of my son, to be divided ^between them in equal portions, share and share alike.” The court has felt considerable difficulty in construing the above clause, with a view to the intention of the testator, to be collected from the whole of the will, and of the circumstances stated in the special verdict. Some of the judges are of opinion, that the devise is confined, both by the words and by the apparent intention of the testator, to the brothers and sisters who should be living at the death of the son without issue, considered the word “ heirs” as a word of limitation, according to its general import, and that there is no evidence of an intention in the testator, to give the part of a deceased brother or sister to his or her children, which ought to control the legal meaning of that word, when used as it is in this clause. On the contrary, they think, that the use of it in the devise of the proceeds of the real estate, and the omission of it in the devise of the personal estate, and yet declaring that the latter is to be divided amongst his brothers and sisters, with the proceeds of his real estate, as therein before directed to be divided, strongly indicates the intention of the testator to give tho proceeds of the real estate to the same persons who were to take the personal estate. Others of the judges are of opinion, that an intention to give the proceeds of the real estate to the children of a deceased brother or sister, as representing their ancestor, is fairly to be collected from the will, which strongly intimates that the testator did not *mean to die intestate, as to any part of his real or personal estate.
Upon a question of so much doubt, this court, which always listens with respect to the adjudications of the courts of the different states, where they apply, is disposed, upon this point, to acquiesce in the decision of the supreme court of Pennsylvania, in the case of Smith's Lessee v. Folwell (1 Binn. 546), that the word heirs is to be construed to be a word of limitation, and, consequently, that the devise to the brothers and sisters failed to take effect by their deaths in the lifetime of the son. Whether the conclusion to which that court came, and which was pressed upon us by the plaintiff’s counsel, that the contingencies on which the power to sell was to arise, having never happened, the sale under the power was without authority, is well founded in a court of law, need not be decided in this case, because the majority of the court are of opinion, that by the express words of the will, the sale was limited to the period of two years after the decease of John Bleakley, the son. The circumstance of time was, no doubt, considered by the testator as being of some consequence, or else it is not likely that he would so have restricted the exercise of the power. But whether it was so or not, such was the will and pleasure of the creator of the power, and that will could only be fulfilled by a precise and literal exercise of the power. The trustee acts, and could act, only in virtue of a special authority con *237 ferred upon Mm by the will; he must act, then, in the way, *and under the restrictions which accompany the authority. If an adjudication were wanted to sanction so plain and obvious a principle of law, it is to be found in a case reported in the Year Book, 15 Hen. VII. 11, 12.
Under what circumstances a court of equity might relieve in case the trustee should refuse to exercise the power, within the prescribed period, or should exercise the same after that period, need not be adverted to in this case, since this is a question arising in a ease purely at law.
The sale in this case, then, having been made about eighteen years after the death of John Bleakley, the son, the trustee acted without authority, and the sale and conveyance was absolutely void at law.