## BERRIEN, trustee, *et al. vs.* THOMAS.

1. A power of sale can be exercised only in the mode, and subject to the conditions prescribed by the instrument creating the power. If the sale be only authorized on the written consent of the *cestui que trust*, that consent must be obtained before the exercise of the power, and the court will not enjoin the dispossession of the purchaser from the trustee who bought without such consent, in order to decree a specific performance of the contract.

2. An injunction will not be granted to enable the court to decree payment to the purchaser for improvements placed upon the property by him, where there is no allegation of the insolvency of the trust estate and the improvements were on real estate, and where there was no prayer except for specific performance.

Injunction.   Trusts.   Powers.   Before Judge SNEAD. Burke County.   At Chambers.   February 4th, 1880.

Reported in the decision.

T. M. BERRIEN; H. E. W. PALMER, for plaintiffs in error.

J. J. JONES; R. O. LOVETT, for defendant.

CRAWFORD, Justice.

Edmund I. Palmer, in consideration of love and affection for his daughter, Margaret M. Corker, conveyed to John T. Palmer certain lands in trust for the sole and separate use, benefit and behoof of the said Margaret for and during her natural life, and at her death to vest absolutely in such child or children as may be in life at her death by her intermarriage with Stephen A. Corker. This land, "should it become necessary at any time to sell, then in that case the said trustee, or any of his successors in office, shall have full power, by and with the written consent of the said Margaret, to sell and reinvest."

A part of this land so conveyed to the trustee, it is alleged, was sold to Robert Thomas, the defendant in

error, by Stephen A. Corker, and which part so conveyed was subsequently reconveyed to the said Corker, and a verbal contract made by which Corker was to convey, by proper deeds, to said Thomas, a certain other lot in pay-ment for the first lot conveyed, and for which, it is alleged also, that payment had been made. The said Thomas being in possession of this second lot without a deed, and threats being made by defendants to turn him out, he prays an injunction to restrain them from so doing, and a specific performance of his alleged contract with Corker. An injunction was granted by the chancellor, and the plaintiffs in error excepted.

The question made by the record is, whether, under the case made by the bill, the injunction was properly granted. This depends upon whether at the hearing, with the facts supported by the proof, the complainant is entitled to the relief prayed.

1. Here is a deed of trust conveying a life estate in lands to Mrs. Corker for her sole and separate use, with remainder over to her children, coupled with a power to sell, without the intervention of a court of chancery, should it become necessary at any time, by and with the written consent of the said Margaret. A trustee is always bound by the limitations declared in the trust, and in the case before us it is provided how and in what manner the sale may be made so as to divest the title of the *cestui que trusts.* But it is said that the consent of the life ten-ant was obtained to the sale of both lots. Admitting this to be true, it is not claimed that it was *that consent* required by the original grantor in the deed of trust. It is to be observed that the complainant is not a purchaser without notice of the trust, for in his deed to the first lot it is recited and made to appear that Corker was the trus-tee for his wife and children, and that Mrs. Corker's con-sent was necessary to a valid title, and yet he accepted the same executed by Corker in his individual name, and without the consent, in writing, of Mrs. Corker. It is

further insisted that the present lot, and about which this litigation arises, was given by Corker in exchange for the first lot by the consent of the tenant for life, and that in pursuance of the said sale and exchange that he is entitled to a specific performance of the contract because of the same, as also of the improvements made by him thereon.

The law is that "A power of sale, like all other powers, can be exercised only in the mode, and subject to the conditions, if any, prescribed by the instrument creating the power. And so, if the sale be directed to be made with the consent of the tenant for life, or of any other person, that consent must be obtained before the exercise of the power. And the court will not decree the specific performance of a contract by the trustees for the sale of the estate where the required consent had not been given at the time of the filing of the bill." Hill on Trustees, p. 478; Eng. Ch. Rep., 24, p. 46; 17 Ves., 454.

Perry on Trusts, §778, lays down the rule in these words: "When trustees have a power of sale at the written request and direction of another party, they cannot obtain a decree for a specific performance of a sale contracted by them without showing such writing, nor will proof of a part performance of the contract by the parties so as to take the sale out of the statute of frauds be sufficient." This same doctrine was held in 49 N. Y. Rep., 602, in a case brought to enforce a specific performance of a contract where the trust deed contained this clause: "Whenever they shall deem it proper to do so, by and with the advice and consent of said Eliza, manifested by her uniting with them in the execution of any conveyance to sell absolutely or conditionally any part of the estate." The court held that "A condition attached to a power of sale contained in a trust deed, that the trustee should only sell by and with the consent of the grantor, to be manifested by his uniting in the conveyance, is valid. It is an essential condition, and cannot be dispensed with."

2. The complainant insists that the injunction should be maintained to enable the court to decree payment to him for the improvements put upon the lots, even if a specific performance should be refused. There are two reasons why we do not concur in this view of the case, the first being that there is no prayer except for a specific performance, and second, if there were, there is no allegation in the bill of the insolvency of the *trust estate;* and if it be solvent, and has received and accepted the labor and material of the complainant in the way of improvements on the trust property, the same being real estate, we cannot see the necessity for any injunction in the premises for a proper enforcement of his rights.

Judgment reversed.