# Geraldine H. Hickok, Appellant, *v.* Albanus C. Still, Trustee, etc.

*Trusts and trustees—Power of sale.*

A trustee cannot be permitted to deprive himself of a power conferred upon him for the benefit of the trust, or so to fetter its exercise by himself or his successor as to defeat the purpose of the trust.

Testatrix by her will directed as follows: "I authorize and empower my executor at any time during the lifetime of my husband with his assent, and I direct him immediately upon the decease of my said husband, or so soon thereafter as may be, to sell the whole or any part of my real estate for cash, upon credit or ground rent," etc. On Oct. 20, 1890, the executor who was also the husband agreed with the plaintiff as follows: "That if Geraldine H. Hickok desire to become a purchaser of that piece of ground or land, with house and appurtenances thereon . . . . —of which she is now lessee and occupier—at any time during her leasing of the property she may do so for the sum of nine (9) thousand dollars, to be paid as follows," etc. The plaintiff was then in possession under a lease from the executor which did not end until May 1, 1894. The husband died on Feb. 13, 1892, and on Dec. 3, 1893, plaintiff notified the administrator d. b. n. c. t. a. of her intention to purchase under the agreement. *Held*, that she was not entitled to a specific performance of the contract.

The vice of the agreement was that it bound the trust estate no matter what the detriment to it might be, without giving it any corresponding advantage. This was not a use of the power, but a surrender of it for the time. It suspended the exercise of the discretion which had been given the executor and defeated the direction in the will for an immediate sale upon the husband's death.

Argued Jan. 29, 1895. Appeal, No. 5, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1894, No. 1028, for defendant, on case stated in equity. Before GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Case stated in the nature of a bill in equity for specific performance.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing plaintiff's bill.

*George Stuart Patterson*, for appellant.—This contract of sale was a valid exercise of the power of sale given the exec-

utor under the will: Jones v. Wood, 16 Pa. 25; Lancaster v. Dolan, 1 Rawle, 231; King v. Merritt, 67 Mich. 194; Demarest v. Ray, 29 Barbour, 563; Ex parte Huff, 2 Pa. 227; Shippen v. Clapp, 29 Pa. 265; Corson v. Mulvany, 49 Pa. 88.

There are no American authorities, so far as the counsel for the appellant knows, which impeach the validity of such a contract. There are two English cases, however, which may be urged on behalf of the position of the appellee: Clay v. Rufford, 5 De Gex & Smale, 768; Oceanic Steam Navigation Co. v. Sutherberry, L. R. 16 Ch. Div. 236. These however may be distinguished.

A court of equity will grant specific performance of the contract: Cathcart v. Robinson, 5 Peters, 263; Marble Co. v. Ripley, 10 Wall. 339; Franklin Tel. Co. v. Harrison, 145 U. S. 459; Corson v. Mulvany, 49 Pa. 88; Smith's App., 69 Pa. 474; Childs v. Gillespie, 147 Pa. 173; Green v. Low, 22 Beavan, 625; Weeding v. Weeding, 1 J. & H. 424; Moss v. Barton, L. R. 1 Eq. Cases, 474; Mills v. Haywood, L. R. 6 Ch. Div. 196; Nicholson v. Smith, L. R. 22 Ch. Div. 640; Mortlock v. Buller, 10 Vesey, 292; Ord v. Noel, 5 Maddock's Ch. Rep. 266; Goodwin v. Fielding, 4 De G. M. & G. 90; Dykes's Est., L. R. 7 Eq. 337; King v. Roney, 5 Ir. Ch. Rep. 64; Dowell v. Dew, 1 Y. & C. C. C. 345.

*John G. Johnson,* for appellee.—The agreement executed by Charles Still, Jr., executor, was not a valid exercise of his power to sell: Clay v. Rufford, 5 De Gex & Smale, 768; Oceanic Steam Navigation Co. v. Sutherberry, L. R. 16 Ch. Div. 236.

A decree enforcing specific performance of the agreement executed by Charles Still, Sr., would not be in accordance with the principles of equity: Fry on Specific Performance, sec. 389; Perry on Trusts, vol. 2, sec. 787.

OPINION BY MR. JUSTICE FELL, May 20, 1895:

The case stated is intended to take the place of a bill in equity to enforce the specific performance by the defendant of a contract for the sale of real estate made by his predecessor in the trust. The primary question is whether the agreement entered into by Charles Still as executor was a valid exercise

of the power of sale conferred upon him by the will of Sarah K. Still. The power given is in these words: " I authorize and empower my executor at any time during the lifetime of my husband with his assent, and I direct him immediately upon the decease of my said husband, or so soon thereafter as may be, to sell the whole or any part of my real estate for cash, upon credit or ground rent" etc. On Oct. 20, 1890, Charles Still, executor, agreed with the plaintiff in writing as follows: " . . . . that if Geraldine H. Hickok desire to become a purchaser of that piece of ground or land, with house and appurtenances thereon . . . . of which she is now lessee and occupier at any time during her leasing of the property she may do so for the sum of nine (9) thousand dollars, to be paid as follows," etc. The plaintiff was then in possession under a lease from the executor, which did not end until May 1, 1894. Charles Still died Feb. 13, 1892, and letters of administration de bonis non cum testamento annexo were granted to Albanus C. Still, the defendant in the case stated, and the appellee. On Dec. 3, 1893, the plaintiff notified the defendant of her intention to purchase under the agreement.

The power conferred is an authority to sell during the life of the husband, and a peremptory direction to sell immediately after his death. As the husband of the testatrix was the executor, and during his life the sole possessor of the power, he might have made a sale deferring the time of settlement. This however he did not do. He did not sell the property, but entered into an agreement with the plaintiff which gave her the privilege of buying at any time within three and a half years. By this agreement she was entirely free; she was not bound to purchase. But he, and in the event of his death his successor in the trust, was bound to sell to no one else during the period fixed. The vice of the agreement is that it bound the trust estate, no matter what the detriment to it might be, without giving it any corresponding advantage. This was not a use of the power, but a surrender of it for the time. It suspended the exercise of the discretion which had been given the executor, and defeated the direction in the will for an immediate sale upon his death. A trustee cannot be permitted to deprive himself of a power conferred for the benefit of the trust, or so to fetter its exercise by himself or his successor as to defeat the purpose of the trust.

We do not find that the question involved has been decided in our cases, but it has been considered in two English cases, Clay v. Rufford, 5 De Gex & Smale, 786, and Oceanic Steam Navigation Co. v. Sutherberry, L. R. 16 Ch. Div. 236, which, while differing somewhat in their facts from the one under consideration, are decided upon principles which are fully applicable to it. Although they are against his contention, our notice has been directed to these cases by the learned counsel for the appellant with the highly commendable purpose of aiding the court in the examination of a question which is almost barren of authority.

We are of opinion that the contract made with the plaintiff by Charles Still was not a valid exercise of the power of sale conferred upon him by the will of Sarah K. Still, and the judgment of the court of common pleas is affirmed at the cost of the appellant.