J. M. HEDGECOCK v. A. E. TATE et al.

(Filed 22 April, 1915.)

1. **Executors and Administrators—Lands of Testator—Options—Unauthorized Acts—Specific Performance.**

Executors have not the power to contract with reference to a sale of the lands of their testator without special authority to do so, and especially does this apply to options of purchase given thereon; therefore specific performance of their contracts to convey such lands given as an option is not enforcible.

2. **Executors and Administrators—Implied Authority—Liability of Agent—Knowledge of Purchaser.**

While an unauthorized person assuming to act as agent of another is liable in damages to the one dealing with him in good faith, as upon an implied warranty of authority, the doctrine does not obtain when the third person deals with knowledge of the want of authority of the supposed agent; and where damages are sought personally against an executor for his failure to perform a contract or option to convey lands of his

testator, signed by him as executor, and purporting to assume no personal liability, the proposed purchaser takes with knowledge that the law implies no agency, and recovery will be denied.

APPEAL by plaintiff from *Devin, J.,* at November Term, 1914, of GUILFORD.

Civil action, brought by the plaintiff J. M. Hedgecock against the defendants A. E. Tate *et al.,* to recover damages for failure of the defendants to comply with the terms of an option.

The following is a copy of the option:

This agreement, made this 1st day of March, 1913, between A. E. Tate *et al.,* administrators of Rev. J. B. Richardson, deceased, of Guilford County and State of North Carolina, parties of the first part, and J. M. Hedgecock, party of the second part:

Witnesseth, that in consideration of the sum of $1 paid by the party of the second part to the parties of the first part, the receipt of which is hereby acknowledged, the said parties of the first part hereby agree, upon receipt of the sum of $100 per acre, under survey to be made on or before the 1st day of January, 1914, to sell and confirm to the said party of the second part at an option, and execute to him a deed in fee simple with the usual covenants of warranty, the following described property, towit: All of the land lying west of the city of High Point, adjoining the lands of J. M. Hedgecock, E. T. Corbett, the Jones heirs, Frank Proctor, and W. P. Hedgecock and others. This tract is known as the Jones tract, and contains about 25 acres. This option is to be taken up on the 1st of August, provided J. M. Hedgecock sells his present farm. Otherwise, option to remain in full force until January 1, 1914.

It is understood and agreed that in case the party of the second part does not pay or tender to the parties of the first part the purchase price, $100 per acre aforesaid, on or before the date above limited, then this agreement shall be void.

In witness whereof said parties of the first part hath hereunto set their hands and seals the day and year first above written.

                    (Signed)  A. E. TATE, Admr.          [SEAL]
                              J. B. RICHARDSON ESTATE.   [SEAL]

From a judgment of nonsuit, plaintiff appealed.

*John A. Barringer, T. H. Calvert for plaintiff.*
*W. P. Bynum, Robeson & Barnhart for defendants.*

BROWN, J.  This case embraces two causes of action, one for specific performance against all the defendants, the other for damages for breach of contract against A. E. Tate individually, both causes being based upon a certain option given to the plaintiff by A. E. Tate as administrator of J. B. Richardson, deceased.

The plaintiff cannot enforce specific performance of the option, because there is nothing to show, in the first place, that the executors to the will of J. B. Richardson are given power to sell land. Even if they were vested with the power to sell land, it has been held that that does not give the executors any power to give an option to purchase. *Trogden v. Williams,* 144 N. C., 194.

The plaintiff is not entitled to recover on the other cause of action against the defendant Tate for damages, for the reason that it appears upon the face of the written contract that the defendant Tate did not contract personally.

But the plaintiff seeks to avoid this by contending that the defendant Tate undertook to act as an agent for others, without authority. It is true that a person who assumes to act as agent for another impliedly warrants that he has authority to do so. If it turns out that he lacks such authority, he may be held personally liable to the one with whom he deals, in good faith, relying on such implied warranty. But this rule, which renders the agent personally liable who acts without authority, is based upon the supposition that the want of such authority is unknown to the person with whom he deals.

If such person has actual knowledge of the lack of authority, he cannot hold the agent liable. As is said in Cyc., 31, p. 1550: "Thus, where all the facts touching the agent's authority, or its source, are equally within the knowledge of both parties, who act thereupon under a mutual mistake of law as to the liability of the principal, the agent cannot be held."

In this case the evidence shows that the plaintiff had full knowledge of the capacity in which the defendant Tate acted, which knowledge rebuts any presumption of an implied warranty of authority.

The plaintiff testifies that he drew up the option, and further says: "I am a lawyer; have had a license for eighteen or twenty years. I knew that Mr. Tate was one of three executors of the will, the other two being the widow, Mrs. Richardson, and the son, O. N. Richardson."

The plaintiff further testified: "I do not recall positively whether he said they would have to sign the deed or whether they would sign it or would not sign it. There was something said about the heirs. He never told me he had any power of attorney. I did not ask him if he had power of attorney. He said that he had been handling the estate; it might not have been exclusive."

Again the plaintiff says: "I knew then I was to get my deed not from Mr. Tate, but from the heirs at law of J. B. Richardson."

These statements and admissions of the plaintiff show conclusively that the contract was not and was not intended to be the personal obligation of the defendant Tate, and further that the plaintiff had full

knowledge of all the facts and circumstances connected with the transaction, and showing that Tate was acting not for himself, but for the heirs at law or devisees of his testator.

Affirmed.