## Moore v. Trainer, Appellant.

*Contract—Lease—Option to buy—Agency—Trustees—Power—Rents.*

1. An executor or other trustee acts in a representative capacity for the benefit of the cestui que trust. Persons dealing with him are bound to know the extent of his powers and in the absence of ratification by the cestui trust the latter is not bound by the executor's act in excess of his authority.

2. In an action by the surviving executor of a decedent against a tenant for the recovery of rent where it appears that the will of the decedent gave the executors the "discretion to sell and dispose of all or any part of his real estate for such price or prices and upon such terms and conditions as to them may seem best," it is within the implied power of the executor to lease the property until a sale is actually made, but the giving of an option at the expiration of the term is not an exercise of the power to sell but a surrender of it for the period of the lease and is invalid.

3. In such case a tenant is bound to know that such option 'in the lease is invalid and if he permits the contract to remain in force he is bound by his covenant to pay rent.

Argued Jan. 7, 1916. Appeal, No. 282, Jan. T., 1915, by defendant, from judgment of C. P. No. 5, Philadelphia Co., March T., 1915, No. 385, for plaintiff for want of a sufficient affidavit of defense in case of Jennie Armstrong Patterson Moore, surviving executor and trustee of the last will and testament of James Patterson, deceased, v. Joseph C. Trainer. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit to recover rent due under a lease.

Rule for judgment for want of a sufficient affidavit of defense.   Before MARTIN, P. J.

The opinion of the Supreme Court states the case.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was in making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.

*Alex. Simpson, Jr.,* with him *Thomas James Meagher,* for appellant.—A party to a contract cannot accept the beneficial and repudiate the nonbeneficial part thereof: Congregation v. Miles, 4 Watts 146; Guilinger v. Zahniser, 3 Sadler 555; Jones v. Brown, 167 Pa. 395.

A plaintiff who sues upon an instrument affirms the validity of it, and of every part of it: Marsh v. Pier, 4 Rawle 273; Jones v. Brown, 167 Pa. 395.

*John G. Johnson,* for appellee.—An option given by a trustee is an unlawful exercise of his discretionary power to sell, and persons dealing with him are bound to know the extent of his powers: Hickok v. Still, 168 Pa. 155; Clay v. Rufford, 5 De Gex & Smales 768; Oceanic Steam Navigation Company v. Sutherberry, L. R., 16 Ch. Div. 236; In re Armory Board, 60 N. Y. Supp. 882.

OPINION BY MR. JUSTICE FRAZER, February 14, 1916:

This action by a surviving executor is for recovery of five months' arrearages of rent of property occupied by defendant under a lease from plaintiff for a term of ten years with provisions that if lessee should hold over after the expiration of the term, with consent of lessor, such action should be deemed a renewal of the lease and of all its terms and conditions for a further term of one year, and so on from year to year until either party should give thirty days' notice of intention to terminate the lease.   The ten years' term expired October 1, 1914,

and the present action is for the monthly rent due for the first months following such expiration.

The affidavit of defense, with supplemental affidavit, admits the lease and occupancy of the premises thereunder, and refers to a clause in the lease which gives lessee the option, at the expiration of the original term of ten years, to purchase the premises for the sum of $150,000. The affidavit further avers that the premises were used by deceased, for a long time previous to his death, for the purpose of selling liquors at retail and contained fixtures and equipment useful only for that purpose, and to obtain the highest price for such fixtures it was necessary to dispose of them in connection with the use of the premises in the retail liquor business, and that the lease, option and good will of the business, which were practically without value except in connection with the particular location, were part consideration of the purchase of the fixtures; that the stock and fixtures were not worth over $1,200 in themselves when used in connection with the premises, and if removed from the building were of little or no value; that, by reason of the option in the lease, defendant paid for the stock, fixtures and good will the sum of $20,000 and, in addition thereto and in reliance upon the option to sell, defendant expended on necessary repairs to the premises the sum of $12,000; that defendant duly exercised his option to purchase, and by reason thereof his obligation to pay rent ceased at the expiration of the original term of ten years, and he became equitable owner of the premises with right to call upon plaintiff to make conveyance. Plaintiff took a rule for judgment for want of sufficient affidavit of defense on the ground that the option relied upon by defendant is invalid as being an act in excess of the authority of the executors, which rule the court below made absolute and this appeal followed.

The will of James Patterson, deceased, leaves his residuary estate to his executors in trust for various objects and purposes therein specified, giving them and the

VOL. CCLII—24

survivor of them power "At their discretion to sell and dispose of all or any part of my real estate at public or private sale or sales for such price or prices and upon such terms and conditions as to them may seem best." As this clause is merely a power and not an absolute direction to sell, it necessarily gave an implied power to lease the property until sale was actually made, so as to procure an adequate income therefrom. The lease to appellant was, therefore, valid and the question is whether the option given lessee to purchase at the end of the term was a proper exercise of the executors' power and discretion to sell "upon such terms and conditions as to them may seem best."

An executor or other trustee acts in a representative capacity and for the benefit of the cestui que trust. Persons dealing with him are bound to know the extent of his powers, and, in absence of ratification by the cestui que trust, the latter is not bound by the executor's acts in excess of his authority: Bohlen's Est., 75 Pa. 304; Guillou v. Peterson, 89 Pa. 163. This rule is necessary for the protection of the cestui que trust against unlawful acts of the trustee. When such acts are committed, the relation between the third person and the cestui que trust is not that of two persons contracting with each other, but of one person dealing with another who has limited power to act for a third person, and of the extent of which power such third person has knowledge.

The question before us was decided by this court in Hickok v. Still, 168 Pa. 155, 157, where it was said by Mr. Justice FELL in referring to an option of purchase given by an executor in a lease of realty: "This was not a use of the power, but a surrender of it for the time. It suspended the exercise of the discretion which had been given the executor, and defeated the direction in the will for an immediate sale upon his death. A trustee cannot be permitted to deprive himself of a power conferred for the benefit of the trust, or so to fetter its exercise by himself or his successor as to defeat the pur-

pose of the trust." While there was an absolute direction to sell in that case, we are not inclined to limit the application of the principle there stated. Giving the option without requiring the other party to purchase was not an exercise of the power to sell but a surrender of it for the period of the lease, and therefore the option was invalid. The executor was bound to sell for the price stated, without exercise of discretion at the time of the sale, and regardless of the question of possible increase in the value of the property between the beginning and expiration of the lease. The principle followed is a salutory one and may be properly applied here. If the principle be proper, then the mere fact that a consideration was paid for the option, in the way of an increased price for the stock, fixtures and good will of the business, can have no effect on the principle itself. If defendant has rights in this respect, as to which we are not called upon in this case to give an opinion, he has a remedy by proper action.

Another question raised is the right of plaintiff to sue on the lease, and at the same time repudiate one of its covenants. Defendant argues that, having elected to rescind on the ground that one of the provisions of the lease is void, plaintiff must rescind in toto and cannot repudiate a part and still bring an action on the lease and in affirmance of its provisions. While this might be a proper rule in a case where the parties are contracting on their own behalf, it can have no application here where plaintiff was acting with limited powers which defendant was bound to know and recognize. The lease was valid, and its provisions were fully carried out for ten years. The only void provision was the clause granting defendant an option to purchase at the termination of the lease. Defendant was bound to know this clause was void, or took his chance of it being so declared. If dissatisfied with its valid provisions he can terminate the agreement in any year, and his failure to do so amounts to a reaffirmance of it at each renewal of

the term.　So long as he permits the contract to remain in force, he is bound by his covenant to pay rent.　If, as is alleged, the option was a part of the original consideration of inducement for the lease, his remedy for this is not by setting up a void provision as a defense in an action for rent, but by appropriate proceedings.

The judgment is affirmed.