21067.   ADLER, Executrix, *et al.* v. ADLER *et al.*

Argued November 14, 1960—Decided February 9, 1961.

*Harry M. Hoffheimer, Robert S. Marx, Frank S. Cheatham, Jr., Griffin B. Bell, Spalding, Sibley, Troutman, Meadow & Smith,* for plaintiffs in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, Edward T. Brennan, Hitch, Miller & Beckmann, Robert M. Hitch, John E. Simpson,* contra.

QUILLIAN, Justice. ■ By the terms of the will, the executor-trustees were empowered and directed to sell or to lease the realty devised to them for the trust estate at either public or private sale and upon such terms as to them seemed best. No reference whatsoever is made in the will as to any power being conferred upon them to grant an option to purchase the property. It has long been the rule, both in America and in England, until changed by statute in England (Law of Property Act, 15 Geo. V, ch. 20, § 28, 1925), that "A trustee who has a power to sell in addition to a power to lease, whether the latter is express or implied, does not ordinarily have the power to give a lessee an option of purchase for a definite sum during the term of the lease. The purpose of this rule is to compel the trustee to exercise his judgment at the time of the sale and not at the time

of the making of the lease as to whether the sale is beneficial to the trust estate." 4 Bogert On Trusts and Trustees, § 796: 21 Am. Jur. 722, Executors and Administrators, § 606; 2 Scott On Trusts, 1439, § 190.8; 7 Thompson On Real Property, 348, § 3892; 30 Columbia Law Rev. 870; Clay v. Rufford, 5 De G. & Sm. 768, 780, 64 Engl. Rep. 1337, 1342 (1852); Oceanic Steam Navigation Co. v. Sutherberry, L. R. 16 Ch. Div. 236, 243 (1800); In re Armory Board, 29 Misc. 174 (60 N. Y. Supp. 882); Hickok v. Still, 168 Pa. 155 (31 A. 1100); Moore v. Trainer, 252 Pa. 367 (97 A. 462); Midland County v. Slaughter, 61 Tex. Civ. App. 328 (130 S. W. 612); Cozad v. Johnson, 171 N. C. 637, 643 (89 S. E. 37, 40); Swift v. Erwin, 104 Ark. 459 (148 S. W. 267, 269); Tibbs v. Zirkle, 55 W. Va. 49 (46 S. E. 701, 104 Am. St. Rep. 977); Trogden v. Williams, 144 N. C. 192 (56 S. E. 865); Hedgecock v. Tate, 168 N. C. 660 (85 S. E. 34).

In *Campbell Coal Co. v. Baker*, 142 Ga. 434 (1) (83 S. E. 105), with all the Justices concurring, it was held: "In the absence of any authority for that purpose conferred by a will, the executor nominated therein and subsequently qualified has no authority to enter into a contract granting an option to a certain person to purchase at private sale land belonging to the estate for a specified price." This case has been cited as authority in *Walker v. General Insurance Co.*, 214 Ga. 758, 762 (107 S. E. 2d 836); and in *Fisher v. Pair*, 69 Ga. App. 492, 497 (26 S. E. 2d 187), in which latter case the following cases were also relied on: *Neal v. Patten*, 40 Ga. 363; *Miller v. Hines*, 145 Ga. 616 (3) (89 S. E. 689); *Turner v. Peacock*, 153 Ga. 870 (3) (113 S. E. 585); and *Blumenthal v. Cain*, 22 Ga. App. 596 (96 S. E. 710), in which these additional cases were relied on: *Logan v. Gigley*, 9 Ga. 114; *Bond v. Watson*, 22 Ga. 637; *Downing v. Peabody*, 56 Ga. 40.

It is well established and a matter of first principle, that "nothing can be tolerated which comes into conflict or competition with the interest or welfare of those interested in the estate. *Lowery v. Idelson*, 117 Ga. 778 (45 S. E. 51)." *Hall v. White*, 215 Ga. 144 (109 S. E. 2d 516). From the statement of the general rule inhibiting the grant of an option to purchase trust property, even under a power of sale conferred by the will,

which we have quoted from Bogert at the beginning of this opinion, it is obvious that, in most cases, the courts have considered the granting of an option not to be in the best interest of the estate and the beneficiaries thereunder, as is aptly stated in Moore v. Trainer, 252 Pa. 367, supra: "An executor or other trustee acts in a representative capacity and for the benefit of the cestui que trust. Persons dealing with him are bound to know the extent of his powers and, in absence of ratification by the cestui que trust the latter is not bound by the executor's acts in excess of his authority. . . This rule is necessary for the protection of the cestui que trust against unlawful acts of the trustee. When such acts are committed, the relation between the third person and the cestui que trust is not that of two persons contracting with each other but of one person dealing with another who has limited power to act for a third person, and of the extent of which power such third person has knowledge. . . Giving the option without requiring the other party [to the lease] to purchase was not an exercise of the power [under the will] to sell, but a surrender of it for the period of the lease, and therefore, the option was invalid. The executor was bound to sell for the price stated, without exercise of discretion at the time of the sale, and regardless of the question of possible increase in the value of the property between the beginning and expiration of the lease." And this is stated to be the rule in American Law Institute's Restatement of the Law of Trusts (2d Ed.), p. 422, § 190 (k) "whether the purchase price is fixed at the time of the giving of the option or is to be fixed by appraisal at the time of the exercise of the option." And the reason there stated is "that when a power of sale is conferred it is usually contemplated that the trustee exercise discretion at the time of sale and not at some prior time."

We think that the option to purchase contained in the ten-year lease of the realty, which was entered into between the parties pursuant to the sale of the capital stock of Leopold Adler Company, is invalid under the general rule.

■ The defendants in error insist that the plaintiffs in error received for the trust estate the benefit of the lease which contained the option, and were for that reason estopped to set up

their want of authority to execute the option. In making this contention they have overlooked the principle that an executor cannot by his conduct expand or enlarge his power. "The intent of the testator, as the donor of a power governs. *Mackay v. Moore,* Dudley 94, 96; *Berrien v. Thomas,* 65 Ga. 61; *City Council of Augusta v. Radcliffe,* 66 Ga. 469, 474; Taylor v. Atkyns, 1 Burr. 60, 121; Thorley v. Thorley, 10 East. 442, 443; Daly v. James, 8 Wheat. 535, 536 (5 L. Ed. 670); 4 Kent's Com. (12th Ed.) 345. Consequently, a person claiming title under the execution of a power takes under the authority of that power. (Ib.; Bradish v. Gibbs, 3 Johns. Ch. M. P. 550; Doolittle v. Lewis, 7 Ib. 48); for an act done under a power must have its validity from the grantor of the power, and not from the person that executes it. Ibid.; Middletown v. Crofts, 2 Atk. 662. . . The authority to sell being derived from the power, it follows that the purchaser is bound to look for and to understand the extent of the power, or, as elsewhere expressed, 'taking under the power, he is bound to see that its terms are complied with.' Ormsby v. Tarascon, 3 Litt. 410. And, of course in this, as in all other contracts, the object and design of the parties should be kept strictly in view, in ascertaining the nature and extent of the power.' " *Satterfield v. Tate,* 132 Ga. 256, 260, 261 (64 S. E. 60); *Regents of the University System v. Trust Co. of Ga.,* 186 Ga. 498, 506 (198 S. E. 345); *Newton v. Bullard,* 181 Ga. 448, 453 (182 S. E. 614). The defendant in error was a legatee under the will and had full knowledge of the powers granted thereby, and he cannot claim an estoppel by conduct or in pais against the plaintiff in error, for her having signed the lease containing the option or accepting the benefits of the lease, which was, omitting the option, perfectly legal. See *Coker v. Atlanta, K. & N. Ry. Co.,* 123 Ga. 483 (51 S. E. 481); *Bennett v. Davis,* 201 Ga. 58 (39 S. E. 2d 3, 7); *City of Atlanta v. Anglin,* 209 Ga. 170 (71 S. E. 2d 419). Nor would the fact that, following the signing of the lease containing the option, one of the plaintiffs in error effected a dismissal of an action to remove her as co-executor—which had been instituted in the court of ordinary, appealed to the Superior Court of Chatham County, and there delayed upon condition that she

agree to a sale of the capital stock of the Leopold Adler Company—estop the plaintiffs in error to deny that they were authorized to execute the option. This latter action had no bearing on the defendant in error's conduct in signing the contract for the purchase of the stock or the lease containing the option. It was not in any manner misleading, nor does it appear from the record that he was induced to pursue any course of action different from what he otherwise would have pursued had the action to remove the single plaintiff in error not been delayed or dismissed. *Harris v. Woodard,* 142 Ga. 297 (82 S. E. 902) ; 31 C. J. S. 239, Estoppel, § 59 (b) ; 19 Am. Jur., Estoppel, §§ 83-86.

For the foregoing reasons the trial court's decree is erroneous and must be

*Reversed. All the justices concur.*