26528. UNION CAMP CORPORATION v. YOUMANS.

ARGUED MAY 10, 1971—DECIDED JUNE 2. 1971.

688

*Harris, Chance & McCracken, J. Roy McCracken, Bouhan, Williams & Levy, Robert M. Williams,* for appellant.

*Henry J. Heffernan, Jay M. Sawilowsky,* for appellee.

FELTON, Justice. ■ There is no merit in the contention of appellee that the proceedings and judgment authorizing the guardian to lease and grant an option to purchase the ward's lands are void for the reason that the hearing on the guardian's application was

not held at the courthouse in Richmond County, Georgia. There is no contention as to where the hearing was held and no contention that the hearing was not held "at chambers" as the law authorizes. The application by the guardian to lease and grant the option to purchase was presented to Judge Frederick Kennedy, one of the Judges of Richmond Superior Court, and he by order ,set the hearing "before Judge G. C. Anderson, Judge of the first division of the said court, at his office in the City of Augusta, Georgia on the 19th day of November, 1953." This order required publication as required by law once a week for four weeks next preceding the date of the final hearing as fixed in said order.

■ There is no merit in the contention of the appellee that the judgment attacked is void because the published notice does not set forth the reason for making the application. The public notice expressly referred to the guardian's application which was on file in the office of the Clerk of the Superior Court of Richmond County, Georgia, where it was available to all interested parties, and which gave notice of the reasons for the proposed lease and option to purchase. It is a general rule that a paper which expressly refers to another paper within the power of the party, gives notice of the contents of that other paper. Livingston v. Maryland Ins. Co., 7 Cranch (U. S.) 506, 538 (3 LE 421).

■ There is no merit in the contention of the appellee that there were material differences between the lease presented to the court by the guardian, with the petition, and that actually entered into. The statute does not require that the exact document by which a sale for reinvestment is sought, be filed with the petition, the reason for which is obvious, because the court's hands should not be tied by a particular instrument when the court might wish to revamp or revise it as the evidence suggests or requires. Such corrections as were made in typing, spelling, punctuation, etc., did not affect the meaning of the document. The only difference in the two documents is the addition of the description of the land and a plat based on a survey of the property. These additions were made pursuant to the order of the judge. *Code Ann.* § 81A-161 (Ga. L. 1966, pp. 609, 664) states the State's public policy as to irregularities such as those dealt with in the three divisions above. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does

not affect the substantial rights of the parties."

■ The principal contention of the appellee in this case is that the order of the court, authorizing her guardian to lease her lands for 66 years to appellant's predecessor at a yearly rental with an option to purchase the land for $20 per acre at any time after 20 years of the lease had expired, is void because such an order is contrary to public policy and because no right existed for the court to authorize an option to purchase in connection with the lease. We think that there is no merit in the contention for a number of reasons. (a) We find no law to the effect that an owner of land or a court having jurisdiction of a minor's property may not authorize a lease of and option to purchase his land or the land of a ward of the court upon legal application to the court. (b) In this case the option to purchase was a condition of the lease, without which the lease could not have been negotiated, in which event the ward would in all probability have lost her land and the very material benefits she could have received if the lease and option to purchase had become a reality. (c) It makes no difference whether an option is an interest in the property to be optioned or not. In this case the guardian, in requesting the authority to lease and give the option to purchase, did not intend to classify the option as a traditional future interest, that is to say, an interest vesting in the present, but sought to clarify what she meant by putting in parentheses that she meant that "future interest" meant an interest which was (capable of ripening into a fee simple). It stands to reason that something that is capable of ripening into a fee simple title, is not at present a fee simple title. However, we do not believe that the court would have been without authority to do what he did even if the guardian had simply sought authority to lease the land. In such case the court could authorize a lease and an option to purchase if it would be in the ward's best interest. He was equally, or more, justified in this case, because the most beneficial lease would not have been possible without the option to purchase. That was a sine qua non of the package proposal. (d) *Code Ann.* § 108-439 (Ga. L. 1953, p. 44) and the "legal" provision of *Code* § 49-203, give concurrent jurisdiction to law and equity in cases involving the property of wards and sales of their property, inasmuch as in such case the minors

become wards of the court. In *Sangster v. Toledo Mfg. Co.,* 193 Ga. 685, 691 (19 SE2d 723), this court said: "That the jurisdiction of equity of the estates of wards of chancery is broad, comprehensive, and plenary, cannot now be questioned, was the pronouncement of this court in the *Richards* case, [106 Ga. 614] supra, and authorities were there cited to support the statement. When this jurisdiction attaches, *the court's action is not limited by any narrow bounds, but it is empowered to stretch forth its arm in whatever direction its aid and protection may be needed.* 19 Am. Jur. § 151, and cit. It may order a sale or partition when such would be for the best interest of the ward, or confirm a sale or a partition which is beneficial to such interest, although the same might be subject to such infirmities as ordinarily would avoid it. It can in a variety of circumstances make an election on his behalf, after having ascertained, through an inquiry, what action is best for his advantage. Compare 2 Pomeroy's Eq. Jur. (5th Ed.), § 510, note 17, and cit.; Buswell on Insanity, § 35." (Emphasis supplied.)

The cases of *Adler v. Adler,* 216 Ga. 553 (118 SE2d 456, 83 ALR2d 1303) and *Campbell Coal Co. v. Baker,* 142 Ga. 434 (83 SE 105) are not applicable to the facts of this case. The *Adler* case involves a situation where an executor-trustee under a will, which does not contain authority to grant an option to purchase, was held not ordinarily to have authority to give or sell an option to purchase. In the *Campbell Coal Co.* case this court held that to grant an option in a private sale made prior to a court-ordered *public* sale, was violative of Civil Code (1910), § 4035. "If a trustee has power to sell and lease trust property, he may make a lease and give an option to purchase where the property could not otherwise be advantageously leased or sold." Restatement of the Law of Trusts (2d Ed.), p. 422, § 190 (k), cited in *Adler,* supra, p. 557. Accord III Scott on Trusts (2d Ed., 1956) 1573, § 190.8 and cit. The judgment of the court granting the guardian the right to lease and give an option to purchase, was also authorized by Ga. L. 1953, pp. 44, 45 (*Code Ann.* § 108-444). In this case the beneficiary was bound even though the lease extended beyond the termination of the trust (the majority of the ward).

▮ No injustice resulted to the ward from the lease and option to purchase approved by the court. "The right of an infant to show

cause against a decree which affects his interests is limited to cause existing at the time of the rendition of the decree, and not such as arose afterward." 43 CJS 352, Infants, § 123 (d). The order of the court attacked authorized the guardian to lease for 66 years 1,650.92 acres, at $1.20 per acre per year and give the lessee an option to purchase the property at $20 per acre any time after 20 years up to the expiration of the lease. What has been said above renders it unnecessary to consider the questions of ratification and estoppel.

The court did not err in authorizing the guardian to make the agreement sought to be set aside and erred in denying appellant's motion for judgment on the pleadings.

*Judgment reversed. All the Justices concur.*