BEATTY, Justice.
Defendant appeals from an order denying its motion to alter or amend a judgment in which the Shelby County Circuit Court held that a lease provision granting defendant-lessee an option to purchase the leased premises was void as a matter of law. We reverse and remand.
Plaintiffs, the children of W. E. Lovelady, Jr., deceased, brought this action for declaratory relief and damages against defendant Sherman Holland Ford, Inc. [hereinafter “Holland”], the tenant in possession of certain realty which had been devised to plaintiffs under Mr. Lovelady’s will. Plaintiffs requested that the circuit court declare the lease to Holland (and certain options contained therein) void and that defendant be required to pay reasonable rent for the occupancy of the leased premises.
The evidence, which was taken ore tenus, shows that Holland had begun leasing the subject property (land and a building) from W. E. Lovelady, Jr., in 1967. Mr. Lovelady died testate in 1969, leaving the property to plaintiffs. The devise, however, was “subject to the right of my Executor to take said property into possession and to rent any of the real property or to convert any of the same into cash or sell any of said property . . . without any order of any Court. . . . ” in 1970, after extensive negotiations between Lovelady’s executor and defendant, the parties reached an agreement under which Holland would continue to lease the premises for five years. *1235 The lease also granted Holland an option to renew the lease for an additional five year term and an option to purchase the property for $100,000 at any time during the ten-year period. The rent, which had formerly been $600 per month, was reduced to $250 per month for the first two years of the new lease term and was thereafter to be $300 per month. In return, Holland agreed to improve the property, which was then in poor condition, at a minimum cost of $30,-000. Holland also agreed to maintain the property, except for the roof of the building, during the term of the lease.
At the conclusion of the evidence, the circuit court found that Holland had improved the property at a cost of approximately $43,000, that the improvements were intended to be additional rent, and that those improvements became the property of the plaintiffs, subject to the terms of the lease. The lease was held to be valid and binding on all parties except for the provision granting defendant an option to purchase the property, which was held to be void and ineffective. The court specifically found that “the lease, with the option to purchase deleted, was a fair and reasonable agreement for all of the parties.”
The legal question presented appears to be one of first impression in Alabama. That question may be phrased as follows:
When a will grants an executor the power to lease and/or sell devised property without any prior order of any court, does the power given include the power to grant a lessee an option to purchase the property upon the termination of the lease?
After reviewing the authorities in other jurisdictions, we have concluded that an executor in such circumstances may only give the lessee an option to purchase when the evidence indicates that the property could not otherwise be advantageously leased or sold.
The general rule concerning the power of an executor to give an option to purchase estate property when the will merely gives him the authority to sell and/or lease the property was well expressed by the Georgia Supreme Court in Adler v. Adler, 216 Ga. 553, 118 S.E.2d 456, 83 A.L.R.2d 1303 (1961):
It has long been the rule, both in America and in England, until changed by statute in England . . . that “the trustee who has a power to sell in addition to a power to lease, whether the latter is express or implied, does not ordinarily have the power to give the lessee an option of purchase for a definite sum during the term of the lease. The purpose of this rule is to compel the trustee to exercise his judgment at the time of the sale and not at the time of the making of the lease as to whether the sale is beneficial to the trust estate.” [Citations omitted.] [118 S.E.2d at 458. See also Moore v. Trainer, 252 Pa. 367, 97 A. 462 (1916).]
Favorable reference to the general rule as it was enunciated in Adler was made by this Court in another context in City of Tuskegee v. Sharpe, 292 Ala. 14, 288 So.2d 122 (1974), wherein it was held that a city with the statutory authority to direct the disposal of any realty not needed for municipal purposes did not have the power to grant a prospective purchaser an option to purchase the real estate.
Defendant, however, urges us to recognize an exception to the general rule concerning the lack of authority of an executor to grant an option to purchase estate property. It is contended that an executor should be able to give. a purchase option when the failure to do so will result in a practical inability to utilize the estate property profitably. As is pointed out in the Second Restatement of Trusts :
Under some circumstances, however, it may be proper for the trustee to give such an option as where it is prudent to do so and the sale cannot otherwise be advantageously made.
If a trustee has the power to sell and lease trust property, he may make a lease and give an option to purchase where the property cannot otherwise be advantageously leased or sold. Thus, he may under such circumstances., make a lease with an agreement that the lessee shall *1236 make improvements on the property and shall have an option to purchase the property on the termination of the lease. [Restatement (Second) of Trusts, § 190, comment k. See also 4 Bogert, Trusts and Trustees, § 741, at 568.]
We agree with defendant that under some circumstances an executor with the power to lease and sell devised property should be given the power to sell under option as the Restatement recommends.
The trial court found ore tenus that at the time of the negotiations between the executor and the defendant, the leased building was in poor condition and required extensive renovations and improvements,which the estate was financially unable to make. The court also found that the building was designed for the special purpose of an automobile agency. Additionally, the evidence indicates that another automobile dealership in the same general vicinity had moved out of its building and that that property was available to Holland.
The facts mentioned above might support an inference that the property in question could not have been leased or sold to defendant without the inclusion of a purchase option. We find no evidence in the record, however, that the property could not have been advantageously leased or sold to someone else without such an option. Indeed, there was no testimony that the executor even attempted to negotiate a lease or sale of the property with any person other than Holland. The absence of this evidence may have been due to the fact that the trial court held that the granted power to sell did not include the power to grant an option to purchase. Because we have adopted the exception contained in the Restatement, supra, however, the defendant should be given the opportunity to offer proof that the property in question could not have been sold to someone other than Holland without the option.
We have carefully considered the other issues addressed by the parties in brief and have concluded that the points raised are without application under the facts of this case. However, in order to allow the defendant the opportunity to offer evidence under the Restatement’s exception as previously noted, we must reverse the judgment and remand the cause, and it is so ordered.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.