Trull v. McIntyre

---

HOMER W. TRULL v. C.B. McINTYRE, JR. INDIVIDUALLY AND AS CO-EXECUTOR OF THE ESTATE OF C.B. McINTYRE, SR., DECEASED, AND SECURITY BANK AND TRUST COMPANY, CO-EXECUTOR OF THE ESTATE OF C.B. McINTYRE, SR.

No. 8020SC117

(Filed 2 September 1980)

1. **Executors and Administrators § 9– lease executed by executor – lack of authority – no personal liability for breach of lease**

   A person who executes a lease as executor of an estate and represents to the lessee that he has authority to do so is not personally liable for a breach of the lease when an examination of the will on record would have revealed the executor did not have authority to execute the lease.

2. **Principal and Agent § 7– lease signed for mother by son – no undisclosed principal – son not personally liable for breach**

   Where defendant's parents owned a tract of farmland as tenants by the entirety, the mother executed a power of attorney with the father named as her attorney in fact and defendant as an alternate, the father died, and defendant executed a lease of the farmland to plaintiff, defendant could not be held personally liable for a breach of the lease, since there was no evidence that defendant acted for an undisclosed principal when he signed the lease for his mother.

APPEAL by plaintiff from *Howell, Judge.* Judgment entered 4 October 1979 in Superior Court, UNION County. Heard in the Court of Appeals 6 June 1980.

This is an action by the plaintiff for breach of contract. The plaintiff alleged that he had entered into a lease agreement for certain farmland with C.B. McIntyre, Jr. as executor of the estate of C.B. McIntyre, Sr. A copy of the will of C.B. McIntyre, Sr. was attached to the complaint which showed that some

farmland had been left in trust with the Security Bank and Trust Company as trustee under the will of C.B. McIntyre, Sr. The will did not give the executors the power to execute a lease. The evidence showed that C.B. McIntyre, Jr. executed a lease as executor of the estate of C.B. McIntyre, Sr. for two tracts of farmland, one of which had been owned by C.B. McIntyre, Sr. and one of which had been owned as tenants by the entirety by C.B. McIntyre, Sr. and his wife, Ruby McIntyre. Ruby McIntyre was living at the time the lease was executed. There was a general power of attorney recorded in the Office of the Register of Deeds under which Ruby McIntyre appointed C.B. McIntyre, Sr. as her attorney in fact with C.B. McIntyre, Jr. as an alternate attorney in fact. The plaintiff testified that he was told by C.B. McIntyre, Jr. that C.B. McIntyre, Jr. had authority to execute the lease, and he made no further inquiry. The lease was for the crop years 1977, 1978, and 1979. The plaintiff paid the rent and farmed the land in 1977. In February 1978 the plaintiff received a letter from the defendant Security Bank and Trust Company advising him that it would not ratify or agree to the lease contract. The plaintiff was not allowed to farm the land in 1978 or 1979.

At the close of the plaintiff's evidence, the court granted the defendants' motion for a directed verdict. Plaintiff appealed.

*Harry B. Crow, Jr. for plaintiff appellant.*

*Dawkins, Glass and Lee, by W. David Lee, for defendant appellees.*

WEBB, Judge.

[1] There are three defendants in this action — C.B. McIntyre, Jr., individually; C.B. McIntyre, Jr., as co-executor of the estate of C.B. McIntyre, Sr.; and Security Bank and Trust Company as co-executor of the estate of C.B. McIntyre, Sr. The plaintiff concedes the execution of the lease by C.B. McIntyre, Jr. as executor was of no effect in leasing the land which had been owned by C.B. McIntyre, Sr. The plaintiff contends it is a jury question as to whether C.B. McIntyre, Jr. is individually liable.

The plaintiff argues this is so because there was evidence that C.B. McIntyre, Jr. represented to the plaintiff that he had the authority to sign the lease and the plaintiff did not know otherwise. The question posed by this argument is whether a person who executes a lease as executor of an estate and represents to the lessee that he has the authority to do so is personally liable when an examination of the will on record would have revealed the executor did not have the authority to execute the lease. We cannot find a case on all fours with the case sub judice. In *Griffin v. Turner*, 248 N.C. 678, 104 S.E. 2d 829 (1958) our Supreme Court refused to make an implied warranty of a power to convey for a person who had been appointed by the administrators of an estate as agent to sell property. In that case all parties knew the administrators did not have the power to sell the real property which had belonged to the deceased. In *Hedgecock v. Tate*, 168 N.C. 660, 85 S.E. 34 (1915) our Supreme Court held an administrator of an estate not personally liable on a contract to convey. In that case all parties knew the administrator did not have the power to convey. The Court said by way of dictum: "Thus, where all the facts touching the agent's authority or its source, are equally within the knowledge of both parties, who act thereupon under a mutual mistake of law as to the liability of the principal, the agent cannot be held."

We find the reasoning of *Hedgecock* persuasive. In this case C.B. McIntyre, Jr.'s authority to sell was a matter of public record. The fact that C.B. McIntyre, Jr. was mistaken as to his authority to lease the property should not make him individually liable to the plaintiff when the plaintiff, by examining the public records, could have determined the authority of C.B. McIntyre, Jr.

[2] The plaintiff also contends that C.B. McIntyre, Jr. should be held personally liable as to the land that C.B. McIntyre, Sr. and his wife owned as tenants by the entirety. He contends that C.B. McIntyre, Jr. acted for an undisclosed principal when he signed the lease for Mrs. McIntyre. An agent who makes a contract for an undisclosed principal may be held personally liable. *See* 10 Strong's N.C. Index 3d, Principal and Agent § 7 (1977). The lease executed by the plaintiff had a place for execution by Mrs. McIntyre. The plaintiff offered into evidence a

power of attorney from Mrs. McIntyre to her husband with C.B.McIntyre, Jr. as the alternative attorney in fact. We can find no evidence of an undisclosed principal. We hold that the action was properly dismissed as to C.B. McIntyre, Jr. as an individual.

As to C.B. McIntyre, Jr., as executor of the estate of C.B. McIntyre, Sr., we hold the same reasoning applies as in his case as an individual. He had no authority as executor to bind the trustee or Mrs. McIntyre and this should have been known to the plaintiff. We hold the action was properly dismissed as to C.B. McIntyre, Jr. as executor of the estate of C.B. McIntyre, Sr.

The plaintiff contends that under G.S. 28A-13-5 and G.S. 28A-13-6(e) the bank is bound by the actions of its co-executor. G.S. 28A-13-5 provides that if two personal representatives are vested with an interest in property, they hold it as joint tenants. G.S. 28A-13-6(e) provides for the exercise of power vested in two personal representatives. In the case sub judice, C.B. McIntyre, Jr. did not have any title in the real property and he did not have any power to lease it. These two sections have no application in this case.

The plaintiff also contends that when he farmed the land and paid the rent in 1977, the bank was estopped from denying the plaintiff the right to lease it for the crop years 1978 and 1979. The plaintiff cites no authority and advances no reasoning as to why estoppel should apply. We hold the bank has not taken any action which would make it inequitable for it to refuse to ratify the lease. The action was properly dismissed as to the bank.

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.